1  SEYFARTH & SHAW
2  Jeffrey Wortman (SBN 180781)
   jwortman@seyfarth.com
3  Heriberto Alvarez, Jr.  (SBN 307048)
   halvarez@seyfarth.com
4  601 S. Figueroa Street ,Suite 3300
   Los Angeles, California 90017
5  (310) 277-7200 (telephone)
   (310) 201-5219 (facsimile)
6
7  MASSEY & GAIL LLP
   Matthew Collette (SBN 138771)
8  Alethea Anne Swift (*pro hac vice* forthcoming)
   1000 Maine Ave. SW, Suite 450
9  Washington, D.C. 20024
   (202) 795-3326 (telephone)
10 (312) 379-0467 (facsimile)
11 mcollette@masseygail.com
   aswift@masseygail.com
12
13 Leonard A. Gail (*pro hac vice* forthcoming)
   lgail@masseygail.com
14 S Jonathan Silverman (*pro hac vice* forthcoming)
   sjsilverman@masseygail.com
15 Peter Stasiewicz (*pro hac vice* forthcoming)
   pstasiewicz@masseygail.com
16 50 E. Washington Street, Suite 400
   Chicago, IL 60602
17 (312) 283-1590 (telephone)
18 (312) 379-0467 (facsimile)
19 *Attorneys for Defendant Board of Trustees*
   *of Unite Here Health, et al.*
20
21          **UNITED STATES DISTRICT COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**
22
23
24 JOSE LUIS ACOSTA, *et al.,*            Case No.: 2:24-mc-00061
25                    Plaintiffs,         **NOTICE OF MOTION AND**
                                          **JOINT STIPULATION ON**
26 v.                                     **DEFENDANT'S MOTION TO**
                                          **COMPEL RESPONSES TO**
27
28

| | |
|---|---|
| BOARD OF TRUSTEES<br>OF UNITE HERE HEALTH, *et al.*,<br><br>Defendants. | **SUBPOENA DUCES TECUM TO UNITE HERE LOCAL 11**<br><br>Hearing Date:<br><br>N.D. Ill. Case No. 1:22-cv-01458<br>Judge Harry D. Leinenweber<br><br>Magistrate Judge Young B. Kim<br><br>Disc. Cutoff (N.D. Ill.): 2/24/25<br>Pretrial Conf. (N.D. Ill.): n/a<br>Trial Date (N.D. Ill.): n/a |

Peter S. Dickinson (CA State Bar No. 139495)
pdickinson@bushgottlieb.com
J. Paul Moorhead (CA State Bar No. 240029)
pmoorhead@bushgottlieb.com
Luke Taylor (CA State Bar No. 338327)
ltaylor@bushgottlieb.com
801 North Brand Boulevard, Suite 950
Glendale, CA 91203
(818) 973-3200 (telephone)

*Attorneys for Respondent Unite Here Local 11*

1    **TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL**
2    **OF RECORD:**

3        **PLEASE TAKE NOTICE** that as soon as this matter may be heard, Defendant
4    Board of Trustees of UNITE HERE Health will and hereby does move this court for an
5    order to compel responses to Subpoena Duces Tecum from Respondent UNITE HERE
6    Local 11.

7        This motion is based on this notice of motion, the accompanying Joint Stipulation
8    and the points and authorities included herein, the declaration of Peter Stasiewicz and
9    exhibits attached thereto, and the declaration of J. Paul Moorhead and exhibits attached
10   thereto.

11   Dated: May 6, 2024

12   /s/ Peter Stasiewicz
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# **TABLE OF CONTENTS**

2

3   I. UHH'S INTRODUCTORY STATEMENT ........................................................7

4       A.    Nature of the Case ................................................................7

5       B.    Dispute...................................................................................8

6   II. LOCAL 11'S INTRODUCTORY STATEMENT ...........................................10

7       A.    Discovery Dispute. ..............................................................10

8       B.    Nature of the Case ..............................................................11

9   III. JOINT SPECIFICATIONS OF ISSUES IN DISPUTE ...................................13

10      A.    Requests Regarding Local 11's Involvement in This Action (2, 3, 70, and

11          71) and Local 11's Responses Thereto ...............................13

12      B.    UHH's Contentions, Points, and Authorities for Requests 2, 3, 70, and 71

13          .............................................................................................16

14      C.    Local 11's Contentions, Points, and Authorities for Requests 2, 3, 70, and

15          71 .........................................................................................21

16      D.    UHH's Request Regarding the Wright Memorandum (Requests 37 and 80)

17          and Local 11's Response Thereto .......................................27

18      E.    UHH's Contentions, Points, and Authorities for Requests 37 and 80 30

19      F.    Local 11's Contentions, Points, and Authorities for Requests 37 and 80

20          (Wright Memorandum) .......................................................35

21      G.    UHH's Requests Regarding Local 11's Role in Negotiating and Setting

22          Employer Contribution Rates (18, 19, and 21) and Local 11's Responses

23          Thereto.................................................................................41

24      H.    UHH's Contentions, Points, and Authorities for Requests 18, 19, and 21

25          .............................................................................................46

26      I.    Local 11's Contentions, Points, and Authorities for Requests 18, 19, and

27          21 (Local Collective Bargaining Notes and Strategy) .......53

28

JOINT STIPULATION RE UHH'S MOTION TO COMPEL

5

J.     UHH's Request Regarding Local 11's Communications with Employers About Participating in UHH (28) and Local 11's Response Thereto .56

K.     UHH's Contentions, Points, and Authorities for Request 28 .............57

L.     Local 11's Contentions, Points, and Authorities for Request 28 ........58

M.     UHH's Requests Regarding the Assessment and Allocation of Administrative Expenses (40, 41, 43, 46, and 78) and Local 11's Responses Thereto.................................................................................59

N.     UHH's Contentions, Points, and Authorities for Requests 40, 41, 43, 46 and 78 .................................................................................64

O.     Local 11's Contentions, Points, and Authorities for Requests 40, 41, 43, 46, and 78 (Allocation of Administrative Expenses).........................66

P.     UHH's Requests Regarding the Santa Monica Fund (50, 52, 56–57, 61–63, 72) and Local 11's Responses Thereto ...............................................67

Q.     UHH's Points, Contentions, and Authorities for Requests 50, 52, 56, 57, 61–63, and 72 ......................................................................75

R.     Local 11's Contentions, Points, and Authorities for Requests 50, 52, 56–57, 61–63, and 72 (Santa Monica Fund).............................................78

This Joint Stipulation is submitted by the undersigned parties pursuant to Local Rule 37-2 in connection with UNITE HERE Local 11's ("Local 11" or "the union") Amended Responses and Objections to Defendant Board of Trustees of UNITE HERE HEALTH'S subpoena duces tecum ("Subpoena") in the above-captioned action (the "Action"). In accordance with Local Rule 37-1, the parties met and conferred in good faith to resolve this dispute but were unable to do so.

## I. UHH'S INTRODUCTORY STATEMENT

### A. Nature of the Case

This Motion to Compel stems from a putative class action filed in the Northern District of Illinois by current and former participants in the UNITE HERE HEALTH Fund ("UHH" or "the Fund"), a not-for-profit multiemployer Taft–Hartley trust fund. The putative class members, all members of Local 11, are current and former members of UHH plan units in Los Angeles and Orange Counties (the "LA/OC Plan Units"). Plaintiffs allege that UHH's Board of Trustees breached its fiduciary duties by (1) incurring excessive overall administrative expenses and (2) unfairly apportioning administrative expenses to the detriment of the LA/OC Plan Units. Stasiewicz Decl., Ex. A, pp. 51-55, Am. Compl. ¶¶ 180–93. These actions allegedly resulted in employers paying higher rates to UHH, reducing wages and other benefits available to Plaintiffs.

Local 11's centrality to this case cannot be overstated. The contributions employers pay to UHH are negotiated by Local 11 and incorporated into collective bargaining agreements ("CBAs") negotiated by the union. Local 11 negotiates rates with employers and at times elects—based on its own internal priorities and decision-making—to pay more or less than UHH requests. *See, e.g.*, Stasiewicz Decl., Ex. C, p. 62, UHH 109965. For CBAs under which employer contributions go into a "benefit bucket" before being allocated among health benefits, a pension plans, wages, or other benefits, Local 11 has complete discretion in allocating contributions among those benefits. *See* Stasiewicz Decl., Ex. A, p.

28, ¶¶ 83–84; Ex. M, pp. 497-498. Local 11's decision-making and negotiation processes are therefore highly relevant in this case.

Local 11's refusal to comply with discovery requests is particularly egregious given that the local union is, in fact, the primary driver of the Action. Through its counsel Gilbert & Sackman (the firm that now represents Plaintiffs), Local 11 in December 2021 raised the same issues regarding administrative expenses and unfair allocation that form the basis of Plaintiffs' complaint. *Compare* Stasiewicz Decl., Ex. A. pp. 30, 35, Am. Compl. ¶¶ 99–100, 131, 132, *with* Ex. D, p. 66-67, Dec. 2021 Letter. Local 11 is funding the Action, may recover all or a portion of any award recovered by Plaintiffs, and has signed a common interest agreement with Plaintiffs. Stasiewicz Decl., Ex. I, p. 198-204 Plaintiff Engagement Letter. The union's failure to meet its discovery obligations is all the more puzzling given that Plaintiffs themselves resisted discovery by asserting that Defendant should seek the materials from Local 11. *See* Stasiewicz Decl., Ex. J, p. 205, Pls.' Opp. to Defs.' Mot. Compel, ("Local 11 is [a] convenient and less burdensome source of the documents that Defendants seek . . . ."); *id.* at 9.

Further, named Plaintiffs participated in employer negotiations on behalf of Local 11, and include a Local 11 vice president, two executive board members, a shop steward, and an organizer for the union. *See* Exs. K1-K5, Resp. to Interrogatories of Shevlin, K1 p. 235; Acosta, K2 p. 255; Sanchez, K3 p. 273; Garcia, K4 p. 293; Buenrostro, K5 p. 313.

Finally, Local 11 recently transitioned some of its members—including four of the five named Plaintiffs—away from UHH to the Santa Monica Fund. Because Plaintiffs seek to have funds taken from UHH and awarded to the Santa Monica Fund, UHH has a legitimate interest in discovery concerning Local 11's relationship with the Santa Monica Fund and its decision to move members to that fund from UHH.

### B. Dispute

Local 11 has not met its obligation to conduct an appropriate search for responsive documents, has continuously made proportionality and undue burden objections despite not

JOINT STIPULATION RE UHH'S MOTION TO COMPEL

identifying the types of documents it possesses, or where and how they are stored, and has repeatedly sought to delay the filing of this motion through fruitless meet-and confers.

UHH served the Subpoena on Local 11 in August 2023. Stasiewicz Decl., Ex. E. Local 11 served objections and responses on September 29, which it supplemented on November 16 with amended responses and objections, a miniscule production of only 95 documents, and a privilege log. Stasiewicz Decl., Ex. L, Privilege Log. The log listed five documents not communicated to or prepared by attorneys that were withheld for "confidentiality," and an actuarial "Study of UHH Expenses" withheld on privilege grounds. Stasiewicz Decl., Ex. L.

UHH counsel laid out Local 11's production deficiencies in a December 18 email and requested to meet and confer pursuant to Local Rule 37-1. Stasiewicz Decl., Ex. F. Following a request by Local 11 to extend the ten-day deadline, the parties met and conferred telephonically on January 17. UHH followed up on January 22 with an email listing 19 types of documents illustrative of responsive materials and reminding counsel of their agreement to provide UHH with a description of relevant ESI and how Local 11 could search that information. Stasiewicz Decl., Ex. G, Jan. 22 Email. UHH also proposed topics for declarations that might substitute for production of documents as to some requests and requested that Local 11 reconsider its withholding of the actuary report and responsive documents withheld for confidentiality.

In a January 26, 2024, email, Local 11 failed to provide any information relating to ESI and flatly refused to produce any documents relating to contracts and negotiations other than the final versions already in UHH's possession. Stasiewicz Decl., Ex. H, Jan. 26 Email. Despite the existence of a robust protective order, Local 11 also stood on its objections regarding the actuary report and other documents withheld based on "confidentiality." *Id.* While Local 11 produced an additional eight documents on February 21, it has failed to produce the vast majority of the documents requested by UHH.

JOINT STIPULATION RE UHH'S MOTION TO COMPEL

9

UHH sent a proposed Joint Stipulation to Local 11 on April 1, 2024. On April 8, instead of sending its responsive portion as required by Local Rule 37-2.2, Local 11 requested yet another meet-and-confer. Stasiewicz Decl., Ex. Q, Apr. 8 Letter. UHH agreed to postpone Local 11's response date, and the parties held a further telephonic conference on April 17, at which Local 11 for the first time sought to justify withholding documents based on a "collective bargaining privilege," and indicated that many additional documents were being withheld despite not being listed on the privilege log. In a follow-up call on April 19, Local 11 counsel stood on all previous objections and again declined to provide any ESI information or produce any additional documents.

## II. LOCAL 11'S INTRODUCTORY STATEMENT

### A. Discovery Dispute.

This discovery dispute stems from a subpoena served by Defendant United Here Health ("UHH") on non-party Unite Here Local 11 ("Local 11") in a lawsuit pending in the Northern District of Illinois. The Ninth Circuit has "held that nonparties subject to discovery requests deserve extra protection." *Lemberg L. v. Hussin*, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016); *U.S. v. CBS*, 666 F.2d 364, 371 (9th Cir. 1982). The "standards for non-party discovery … require a stronger showing of relevance than for simple party discovery." *Roberts v. Cnty. of Riverside*, 2020 WL 5913852, at *3 (C.D. Cal. July 14, 2020). For example, finding undue burden is warranted when documents could readily be requested from a party. *Duong v. Groundhog Enterprises*, 2020 WL 2041939, at *7 (C.D. Cal. Feb. 28, 2020); *Burns v. Bk. of Am.*, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007).

UHH's *subpoena* consists of 84 separate document demands. The majority of these are not detailed demands identifying particular documents to be produced. Rather, the subpoena broadly demands "all documents concerning" a variety of subjects. As an example of these overly broad demands, UHH's requests include "all document concerning this Action" and "all documents concerning UHH." Despite the fact that the Plaintiffs' claim is

1    subject to a six year statute of limitations, at the very longest, the time period applicable to

2    the majority of demands exceeds 13 years.

3        In response to the subpoena, Local 11 produced 104 documents, consisting of 1,770

4    pages. [Decl. Moorhead: ¶9.] Despite these efforts, UHH continues to pursue its overly

5    broad subpoena and seeks an order requiring Local 11 to produce additional documents

6    responsive to 23 requests. Local 11 requests that the Court deny UHH's motion, or at the

7    very least severely limit the scope of the subpoena.

8        UHH and Plaintiffs, the parties to this litigation, have engaged in discovery and

9    UHH's motion to compel further production from Plaintiffs remains pending in the

10   Northern District of Illinois. [Decl. Moorhead: ¶2; Exs. A, B.] At least some of the disputes

11   subject to UHH's Motion against Plaintiffs are similar, if not identical to those at issue in

12   this instant Motion. Until the court in Illinois has ruled on the parties' discovery dispute,

13   this Court should postpone a ruling on this Motion.

14       **B.    Nature of the Case**

15       UHH is a multi-employer health plan that provides benefits to approximately 110,000

16   employees. UHH fund these benefits by collecting contributions, which amounts are paid

17   pursuant to collective bargaining agreements ("CBAs") between participating employers

18   and local unions of Unite Here. Local 11 is one of the local unions that negotiates with

19   employers who contribute to UHH. [Decl. Stasiewicz: Ex. A, p. 5 (Am. Compl.) ¶ 2; Ex. S,

20   pp. 563-566 (Decl. Petersen).]

21       UHH is organized into approximately 16 distinct "Plan Units," based mostly on

22   geographic location. Each Plan Unit offers different benefits, and requires a different

23   contribution rate from employers, which rate is measured by the number of hours worked

24   by employees. Certain CBAs negotiated by Local 11 require contributions into two different

25   UHH Plan Units (Units 178- Los Angeles, and 278 – Long Beach / Orange County). UHH

26   unilaterally assigns the applicable Plan Units and sets the minimum required contribution

27   rates. In other words, unless a CBA requires at least the contribution rate set by UHH, those

28

JOINT STIPULATION RE UHH'S MOTION TO COMPEL

1    employees covered by that CBA will not qualify for health coverage from UHH. The
2    minimum contribution rates are not uniform among the different Plan Units, rather UHH
3    sets the rates individually. [Decl. Stasiewicz: Ex. A pp. 5-6, 18-32 (Am. Compl.) ¶¶2, 4, 55-
4    88; Ex. S, pp. 563-566 (Decl. Petersen).]

5           The minimum contribution rates, and other requirements, are established in a Notice
6    of Minimum Standards ("Minimum Standards") issued by UHH. The Minimum Standards
7    provide that "if any [CBA] is inconsistent with these requirements, [UHH] will not be able
8    to accept contributions or pay benefits." "[UHH] may reject any agreement that they
9    determine, at their sole discretion, to be detrimental to the interest of [UHH]." "[An]
10   agreement may provide contributions only at the level(s) set by [UHH]." "[I]n order to
11   determine the required rate, [UHH] must be consulted prior to negotiation of a new
12   agreement." [Decl. Moorhead: Ex. C, pp. 35, 39 (Minimum Standards).] As the result, while
13   Local 11 "negotiates" with employers to obtain health coverage, it is UHH that dictates the
14   contribution rates that employers must pay. [Decl. Stasiewicz: Ex. S, p. 564 (Decl. Petersen)
15   ¶¶9-10.]

16          Plaintiffs were members of UHH Plan Units 178/278. They allege that UHH breached
17   ERISA's fiduciary duties by incurring unreasonable and excessive administrative expenses
18   (i.e., the cost of providing health coverage) and by unfairly allocating those expenses. In a
19   broad sense, Plaintiffs allege that UHH's expenses substantially exceed those of comparable
20   multiemployer health plans. More specifically, Plaintiffs allege that the expenses allocated
21   by UHH to Plans Units 178/278 were proportionally much higher than the expenses
22   allocated to Plan Unit 150 (Las Vegas Plan Unit). In essence, Plaintiffs allege that UHH
23   subsidized the expenses that should have been shouldered by Plan Unit 150 by allocating
24   additional expenses to Plan Units 178/278. In turn, UHH inflated the contribution rates for
25   Plan Units 178/278 to include increased amounts necessary to subsize Plan Unit 150. [Decl.
26   Stasiewicz: Ex. A, pp. 5-7, 9-10. (Am. Compl.) ¶¶3-7; 12-16.] As a result of the increased
27   rates paid by their employers to UHH, Plaintiffs allege they received a lower amount for

28                    JOINT STIPULATION RE UHH'S MOTION TO COMPEL

1  wages and other benefits ["every extra penny of contributions imposed by [UHH] directly
2  results in one less penny of wages or other compensation [for Plaintiffs]." [Decl. Stasiewicz:
3  Ex. A, pp. 7, 29, 30 (Am. Compl.) ¶¶ 8, 86, 88, 162-167.]

4       Local 11 has openly opposed UHH's unfair allocation of expenses to Plan Units
5  178/278. Because Local 11 shares a common interest with Plaintiffs, Local 11 and Plaintiffs
6  executed a "Common Interest Agreement." Local 11 admits that pursuant to the Retainer
7  Agreement, it may advance attorneys' fees and costs on Plaintiffs' behalf in this action.
8  However, that Agreement is clear that Local 11 "has no right to control the conduct or
9  settlement of the litigation … and that it will not interfere in any way with [Plaintiffs'
10  counsel's] exercise of independent, professional judgment in the interest of [Plaintiffs]."
11  [Decl. Stasiewicz: Ex. I, p. 199 (Retainer) ¶5.]

12  **III. JOINT SPECIFICATIONS OF ISSUES IN DISPUTE**

13      **A.**    **Requests Regarding Local 11's Involvement in This Action (2, 3, 70, and**
14          **71) and Local 11's Responses Thereto**

15      <u>Document Request 2</u>: All documents concerning each Plaintiff's membership,
16  title, association, standing, and election or appointment with any bargaining or
17  negotiating committee affiliated with Local 11, if any.

18  *Local 11's Response:* Objection - the phrase "documents concerning" is vague,
19  ambiguous, overbroad, and unduly burdensome. Objection - the request is
20  unduly burdensome in that it fails to tailor the documents sought to the
21  immediate needs of the case. Objection – the request is unduly burdensome in
22  that it is exceedingly overbroad. Objection – the request is unduly burdensome
23  in that it seeks documents equally available to the parties in the Action.
24  Objection - the time incorporated from Instruction Paragraph A of the
25  Subpoena renders the request unduly burdensome. Objection - the request
26  seeks documents that are not relevant to any party's claims or defenses, and/or

28

are not proportional to the needs of the case. Unite Here 11 objects on the ground and to the extent that production will violate the privacy and confidentiality concerns of the Plaintiffs, Unite Here 11, and/or other third parties. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege.

Document Request 3: All communications with Plaintiffs regarding this Action.

*Local 11's Response:* Objection - the term "communications" is vague, ambiguous, overbroad, and unduly burdensome. Objection - the request is vague, ambiguous, overbroad, and unduly burdensome in that it lists only one party, "Plaintiffs," who purportedly communicated. Objection - the request is unduly burdensome in that it seeks documents equally available to the parties in the Action. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege.

Document Request 70: All communications with your members concerning this Action.

*Local 11's Response:* Objection - the term "communications" is vague, ambiguous, overbroad, and unduly burdensome. Objection - the request is vague, ambiguous, overbroad, and unduly burdensome in that it lists only one party, "your members," who purportedly communicated. Objection - the term "concerning the Action" is vague, ambiguous, overbroad, and unduly burdensome. Objection - the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection - the request is unduly burdensome in that it is exceedingly overbroad. Objection - the request seeks documents that are not relevant to any party's claims or defenses, and/or are not proportional to the needs of the case. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection - the request was served to annoy and harass Unite Here 11.

Document Request 71: All minutes of the executive committee of Local 11 concerning this Action.

*Local 11's Response:* Objection - the term "concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection - the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection - the request is unduly burdensome in that it is exceedingly overbroad. Unite Here 11 objects on the grounds and to the extent the request seeks confidential research, development, and/or commercial information. Unite Here 11 objects on the ground and to the extent the request

JOINT STIPULATION RE UHH'S MOTION TO COMPEL

calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection - the request was served to annoy and harass Unite Here 11.

**B.    UHH's Contentions, Points, and Authorities for Requests 2, 3, 70, and 71**

UHH seeks an order compelling Local 11 to search for and produce documents responsive to Requests 3, 70, and 71. For Request 2, UHH seeks a narrower order compelling Local 11 to produce documents sufficient to show Plaintiffs' relationship with Local 11 or, in the alternative, a declaration setting forth that information. Local 11 has objected to producing *any* documents relating to Requests 2, 3, 70, or 71, but has not specified the basis for its refusal.

**1. Documents Covering Plaintiffs' Relationship with Local 11 are Relevant**

Under Rule 26 of the Federal Rules of Civil Procedure, a party may obtain discovery concerning any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). As amended in December 2015, Rule 26(b)(1) identifies the following factors to be considered when determining whether the proportionality requirement has been met: the importance of the issues at stake in the action; the amount in controversy; the parties' relative access to the relevant information; the parties' resources; the importance of the discovery in resolving the issues; and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* Relevant

1    information need not be admissible to be discoverable. *Id.*

2    For nearly every Request, Local 11 asserts a litany of boilerplate relevance and

3    burden objections without any specific explanation. Such objections are improper. *See A.*

4    *Farber and Partners, Inc., v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("boilerplate

5    relevancy objections, without setting forth any explanation or argument why the requested

6    documents are not relevant, are improper.").

7    The information sought in Requests 2, 3, 70, and 71 is relevant because it directly

8    addresses the relationship between Local 11, Plaintiffs, and this Action. Plaintiffs are

9    represented by Local 11's former counsel, Plaintiffs' fees are paid by Local 11, and Local

10   11 has the right to claim a portion of any recovery. *See* Stasiewicz Decl., Ex. I pp. 198-204.

11   Plaintiffs' complaint brings claims essentially identical to the issues raised by Local 11 in

12   its December 2021 letter to Defendant. Both the letter and the complaint purport to use

13   "form 5500s" from other plans to assert that UHH administrative expenses are excessive

14   when compared to similar plans. *See* Stasiewicz Decl., Ex. D p.71, Dec. 2021 Letter; Ex.

15   A, pp. 41-46, 54, Am. Compl. ¶¶ 142–56, 192. Both also assert that UHH breached its

16   fiduciary duty in unfairly allocating administrative expenses in a way that forced the Los

17   Angeles and Orange County Plan Units to subsidize other plan units (especially the Las

18   Vegas Plan Unit). *See* Stasiewicz Decl., Ex. D, p. 70, Dec. 2021 Letter; Ex. A, pp. 6-7, 52-

19   53 Am. Compl. ¶¶ 4–8, 182–86.

20   The relationship between Local 11 and Plaintiffs is especially relevant to class

21   certification, as the named Plaintiffs' roles with Local 11—including participation in

22   negotiations regarding collective bargaining agreements and the contribution rates reflected

23   in those agreements—may make them inadequate representatives for other class members.

24   Because Local 11 negotiated different contribution rates for different employers and at

25   times elected to pay more or less than UHH suggested on an employer-by-employer basis,

26   the named Plaintiffs' involvement in Local 11's decision to negotiate potentially more

27   favorable rates for some of its members but not others is a relevant inquiry. The documents

28

1   sought are also relevant to the extent that Plaintiffs or Local 11 were directly involved in
2   negotiating the rates that they now allege were too high. These documents also go to
3   causation and damages for the putative class, as they relate to the union's role in negotiating
4   the rates that are the basis for Plaintiffs' alleged damages.

5   ## 2. Local 11's Proportionality Objection Lacks Merit

6          In addition to several generic objections regarding burden, Local 11 asserts that the
7   time period covered by the subpoena—January 1, 2011, to the present—makes UHH's
8   requests overly burdensome.[1] But Local 11 has not identified any technical impediment or
9   other obstacle to producing documents from that time period. In fact, Local 11 has already
10  produced documents from 2012 regarding the former LA and Long Beach funds, which
11  merged into UHH at Local 11's request.

12         Defendant attempted to resolve this dispute by asking for a description of how Local
13  11's ESI is stored and how it could be searched. UHH subsequently shared an illustrative
14  list of 19 different types of ESI document categories that could be responsive. Stasiewicz
15  Decl., Ex. G, Jan. 22 Email. But Local 11 never provided a description of its ESI storage or
16  search protocols, let alone any reason that searching for responsive documents would be
17  overly burdensome. When pressed at the April 17, 2024, to explain the specific
18  proportionality objection, counsel for Local 11 again failed to provide any insight into what
19  categories of documents existed.  UHH counsel asked how Local 11 could claim undue
20  burden if it had not even identified what categories of documents are available, how many
21  documents exist, how they are stored, and what the nature of the burden on Local 11 would
22  be. Local 11's counsel asked for two days to speak with their client.

23         Via telephone on April 19, 2024, Local 11's counsel reiterated their position that the
24  relevance of the requested documents was outweighed by the burden of production, without

25

26         [1] Stasiewicz Decl., Ex. E, p. 81, Subpoena, at 6 ("Unless otherwise specified, these
27  requests apply to documents and tangible things originally created between January
    1, 2011, and the present.").

28                    JOINT STIPULATION RE UHH'S MOTION TO COMPEL

                                        18

1  any further elaboration. Accordingly, Local 11's objections as to burden are improper. *See*

2  *Garber*, 234 F.R.D. at 188 ("general or boilerplate objections such as 'overly burdensome

3  and harassing' are improper especially when a party fails to submit any evidentiary

4  declarations supporting such objections."). Furthermore, Local 11 has not met its obligation

5  to identify and preserve responsive categories of documents in response to UHH's

6  Subpoena. *See id.* at 189 ("party has an obligation to conduct a reasonable inquiry into the

7  factual basis of his responses to discovery, … , and, based on that inquiry, "[a] party

8  responding to a Rule 34 production request . . . 'is under an affirmative duty to seek that

9  information reasonably available to [it] from [its] employees, agents, or others subject to

10  [its] control.'") (internal citations omitted).

11       Local 11 also objects that Requests 2 and 3 are burdensome because responsive

12  documents are equally available to the parties in the Action. However, while Plaintiffs

13  provided a small portion of the relevant information in their interrogatory responses

14  (alluding briefly to their positions with Local 11 and membership on bargaining

15  committees), they have produced no documents responsive to these requests. Plaintiffs'

16  failure to produce these documents forced UHH to file a motion to compel in the Northern

17  District of Illinois, which is fully briefed and remains pending.

18       Strikingly, Plaintiffs—who are, again, represented by the same attorneys as Local

19  11—told the Northern District of Illinois that they are "not sophisticated entities with

20  'depositories' of documents" and directed Defendant to seek those documents from Local

21  11 instead. Stasiewicz Decl., Ex. J, pp. 208, 211, 216, 222, Pls.' Opp. to Defs.' Mot.

22  Compel. Plaintiffs and Local 11, who are handling this Action in concert pursuant to a

23  common interest agreement, should not be permitted to hide relevant documents through

24  this shell game.

25                  **3.  Proposed Resolution**

26       Local 11 should be compelled to search for and produce all documents responsive to

27  Requests 3, 70, and 71.

28                JOINT STIPULATION RE UHH'S MOTION TO COMPEL

With respect to Request 2, Local 11 stated on January 17 that it was willing to consider providing a written declaration covering the information sought. Counsel for UHH proposed the following topics for a declaration via email on January 22, 2024:

> (i) all positions and roles that each of the five Plaintiffs held within Local 11 from 2010 onward (including any involvement in a bargaining committee); (ii) a detailed description of each position or role; (iii) whether any of the Plaintiffs were involved in Local 11's collective bargaining with any employer from 2010 onward; (iv) for each collective bargaining involving a Plaintiff, the dates the collective bargaining took place, names of employer(s), Plaintiffs' role in the collective bargaining, and outcome of the collective bargaining; (v) a detailed description of Plaintiffs' involvement in any Local 11 discussions concerning UHH's administrative expenses; (vi) a detailed description of Plaintiffs' involvement in any Local 11 discussions considering transition to an alternative fund (e.g., transition from the former LA/Long Beach funds to UHH, transition from UHH to the Santa Monica Fund); (vii) how Local 11 decided which employers to bargain into UHH and which employers to bargain into the Santa Monica Fund; and (viii) each Plaintiff's right to access documents maintained by Local 11 (e.g., agenda and meeting minutes for the Executive Board or any bargaining committee).

In response, counsel for Local 11 stated that it was "not willing to turn this into a response to a lengthy set of interrogatories." It neither engaged substantively with UHH's proposed topics nor offered a counterproposal. In their April 17 meet-and-confer, the parties again discussed the possibility of a stipulation, but failed to reach agreement on the key substantive provisions relating to Plaintiffs' involvement in collective bargaining, *i.e.* subcategories (iv)-(viii). UHH remains willing to accept a declaration in response to Request 2 in lieu of documents. Local 11 should therefore be compelled to either produce

documents sufficient to show the information covered by Request 2 or to prepare a declaration covering the topics listed above.

Local 11 should also be compelled to produce a declaration setting forth its search parameters and stating whether any documents are being withheld based on a given objection. While the union has produced a single communication to its members regarding the Action and a few publicly available pleadings from the Action itself, it has not produced any other documents responsive to these requests. Nor are any such documents listed on Local 11's privilege log. Given these facts and the boilerplate nature of Local 11's objections, it is impossible for UHH to determine whether Local 11 has even attempted to search for responsive documents. Such a declaration is therefore necessary and appropriate. *See, e.g.*, *Broidy Cap. Mgmt. LLC v. Muzin*, No. 22-MC-79-AB (ASx), 2022 WL 2964828, at *1 (C.D. Cal. May 5, 2022) (requiring subpoena respondent to submit declaration setting forth the manner in which respondent searched for, and produced, responsive documents, the time frame within which the search took place, and, aside from the documents listed on the privilege log, whether any documents were being withheld on the basis of the objections asserted).

**C.** **Local 11's Contentions, Points, and Authorities for Requests 2, 3, 70, and 71**

**1. Contentions, Points, and Authorities.**

Universal Objection Regarding Time Period of All Requests in Motion to Compel.

The instructions in UHH's subpoena state that "unless otherwise specified, these requests apply to documents … originally created between January 1, 2011, and the present. *See* [Decl. Stasiewicz: Ex. E, p. 81 (Subpoena) Instructions ¶A.] Each request subject to this subpoena contains no time period. Accordingly, as written all requests apply to all documents "originally created between January 1, 2011, and the present." But, as UHH

itself has argued, the latest date that Plaintiff's claim for breach of fiduciary duty under ERISA can extend back is March 21, 2016 (six years prior to the original filing date of March 21, 2022). *See* 29 U.S.C. § 1113(1) (establishing six year statute of limitations for each of Plaintiff's claims). [Decl. Moorhead Ex. D, pp. 112-114 (UHH's Amended Answer) First Affirmative Defense.] Under UHH's own analysis, documents before March 21, 2016 are not relevant. At minimum, the limited relevance in requesting documents before March 21, 2016 is disproportionate to the associated burden.

In its pending Motion to Compel Discovery from Plaintiffs in the Northern District of Illinois, the only justification UHH has offered for seeking records before March 21, 2016 is insofar as such documents relate to the merger of two funds into UHH. [Decl. Stasiewicz: Ex. J, p. 220] Yet, in this Joint Stipulation, UHH acknowledges that Local 11 has already provided documents relating to that merger. *Supra* III.B.2 ("Local 11 has already produced documents from 2012 regarding the former LA and Long Beach funds, which merged into UHH at Local 11's request."). As Plaintiffs explained, information relating to that merger is information UHH already possesses. [Decl. Stasiewicz: Ex. J, p. 220.] In any event, whereas UHH currently is seeking to compel Plaintiffs to provide documents concerning these former funds (*id*. pp. 219-220), UHH does not here seek to compel Local 11 to provide further documents concerning those funds. Therefore, even accepting arguendo UHH's own argument as to why documents pre-dating March 21, 2016 are relevant, UHH has no need for any documents pre-dating March 21, 2016 for any of the requests at issue in this motion to compel. This applies to all requests included in UHH's motion to compel against Local 11.

Document Request 2. UHH demands "all documents concerning" Plaintiffs. This demand is overly broad and unduly burdensome. The introductory phrase "all documents concerning" could reasonably be interpreted to require production of every document concerning any Plaintiff, every document that any Plaintiff has ever seen, and all documents related to a subject pertinent to

JOINT STIPULATION RE UHH'S MOTION TO COMPEL

22

any Plaintiff.

In *Frieri v. Sysco Corporation*, 2017 WL 3387713 (S.D. Cal., Aug. 4, 2017), the Court ruled that a request for "all documents concerning" a subject failed to "eliminate unnecessary and wasteful discovery" as it did not weigh relevance against burden. *Citing Roberts v. Clark County School District*, 312 F.R.D. 594, 603 (D. Nev. 2016) [applying the 2015 amendments to Rule 26(b)(1) and citing Chief Justice John Roberts' report regarding the same to emphasize that discovery requests must account for the "common-sense concept of proportionality."] This concept of proportionality requires determining whether specific information can better be sought through another procedure, such as a deposition. *In re JDS Uniphase Corp. Securities Litig.*, 2005 WL 6296194, at *2 (N.D. Cal. Sept. 23, 2005).

UHH's demand fails to consider the proportionality between possible relevance and burden. During meet and confer efforts, Local 11 offered to provide a declaration stating all positions and roles that each of the Plaintiffs held with Local 11 from 2010 to current. [Decl. Stasiewicz: Ex. H (meet and confer email chain).] UHH declined this offer, and instead sought to turn this request into a lengthy interrogatory with the following subparts, many of which have no relationship to Document Request 2:

(i) all positions and roles that each of the five Plains held within Local 11 from 2010 onward (including any involvement in a bargaining committee); (ii) a detailed description of each position or role; (iii) whether any of the Plaintiffs were involved in Local 11's collective bargaining with any employer from 2010 onward; (iv) for each collective bargaining involving a Plaintiff, the dates the collective bargaining took place, names of employer(s), Plaintiffs' role in the collective bargaining, and outcome of the collective bargaining; (v) a detailed description of Plains' involvement in any Local 11 discussions

concerning UHH's administrative expenses; (vi) a detailed description of Plaintiffs' involvement in any Local 11 discussions considering transition to an alternative fund (e.g., transition from the former LA/Long Beach funds to UHH, transition from UHH to the Santa Monica Fund); (vii) how Local 11 decided which employers to bargain into UHH and which employers to bargain into the Santa Monica Fund; and (viii) each Plain's right to access documents maintained by Local 11 (e.g., agenda and meeting minutes for the Executive Board or any bargaining committee). [Decl. Stasiewicz: Ex. H, p. 194 (meet and confer email chain).]

Local 11 declined to offer such a comprehensive declaration. Later, Local 11 offered to also include in the declaration whether Plaintiffs were paid for such positions and whether such positions involved collective bargaining. [Decl. Moorhead: ¶10.] Local 11 is still willing to provide this declaration, but will not voluntarily agree to be subject to the extended 8-part interrogatory suggested by UHH.

Document Request 3. UHH demands "All communications with Plaintiffs regarding this Action." Pursuant to the subpoena:

"The term "communication" is used in its broadest sense, and means any contact or disclosure, transfer, exchange, or transmission of information by use of any means whatsoever, including, but not limited to: telephone, telegraph, facsimile, electronic mail ("email"), text message, written or spoken language between two or more persons, groups of persons, companies, or agencies, whether in the form of meetings, speeches, inquiries, conversations, correspondence, notes or any responses thereto, as well as any document which

1    abstracts, digests, transcribes, or records such communication."

2    [Decl. Stasiewicz: Ex. E, p. 78 (Subpoena) Definitions ¶F.]

3        As was the case with Request 2, UHH fails to consider proportionality. UHH should

4 be able to obtain the requested "communications" directly from Plaintiffs, and it appears

5 that this same request, or a very similar request, is subject to UHH's pending motion to

6 compel against Plaintiffs. [Decl. Moorhead: Ex. B, p. 25 (Motion to Compel), fn. 14.] At

7 the very least, a ruling on this issue should be delayed until the court in the Northern District

8 of Illinois has ruled on UHH's motion to compel against Plaintiffs.

9        Moreover, Request 3 imposes an undue burden because responsive documents will

10 generally be protected by the attorney-client privilege, work-product privilege, or both. *See*

11 *Lemberg Law. LLC*, 2016 WL 3231300, at *5 (collecting cases) ("Rule 45 explicitly

12 instructs that a court must quash a subpoena that seeks disclosure of privileged material . .

13 . and courts have done so where the issuing party fails to explain what non-privileged,

14 relevant information the witness could offer"); *see also Trunk v. City of San Diego*, 2007

15 WL 2701356, at *7 (S.D. Cal. Sept. 13, 2007).

16        To the extent that communications between Local 11 and Plaintiffs about the Action

17 facilitated legal advice, they will be attorney-client privileged. *Infra* III.E.2 (recognizing

18 attorney-client privilege extends to communications to third-parties who have been engaged

19 to assist an attorney in providing legal advice). Even where not covered by that privilege,

20 any responsive communications will be protected work product. Courts have held that

21 communications between parties and their litigation funders are protected work product.

22 *E.g. Lambeth Magnetic Structures, LLC v. Seagate Tech. (US) Holdings, Inc.*, 2018 WL

23 466045, at *5-6 (W.D. Pa. Jan. 18, 2018) (denying motion to compel Plaintiff's

24 communications with potential litigation funders because they were made for the purpose

25 of preparing for litigation); *see also Thimes Sols., Inc. v. TP-Link USA Corp.*, 2022 WL

26 18397128, at *1 (C.D. Cal. Oct. 6, 2022) (holding work product protection covers

27 communications with litigation funders). Moreover, Plaintiffs' communications with Local

28

1   11 is protected work product even were Local 11 not funding the Action. *See Lambeth*
2   *Magnetic Structures, LLC v. Seagate Tech. (US) Holdings, Inc*., 2018 WL 466045, at \*3
3   (W.D. Pa. Jan. 18, 2018) (holding that plaintiff's communications with academic colleagues
4   and a company that plaintiff used to test defendant's products for purposes of preparing for
5   litigation were protected work product); *see also Plew v. Ltd. Brands, Inc*., 2009 WL
6   1119414, at \*1 (S.D.N.Y. Apr. 23, 2009) (where party's counsel directed party to request
7   information from non-party to obtain information for lawsuit, communications between
8   party and non-party are protected work-product).

9               Document Request 70. UHH demands "All communications with your
10              members concerning this Action." Pursuant to the subpoena, the term
11              "communications" is used in its broadest sense. *See* [Decl. Stasiewicz: Ex. E,
12              p. 78 (Subpoena) Definitions ¶F.].

13  UHH demanded the same documents from Plaintiffs, and the parties' dispute
14  regarding that request is still pending before the court in the Northern District of Illinois.
15  [Decl. Moorhead: ¶2; Ex. A, Ex. B at fn. 14.] Plaintiffs have explained to the court that this
16  request is unreasonably cumulative, and at most marginally relevant, in light of the
17  information that Plaintiffs have already produced to UHH. [Decl. Stasiewicz: Ex. J, pp. 213-
18  216.] Before obtaining a ruling on UHH's motion to compel against Plaintiffs, UHH
19  demands that Local 11 search for any and all correspondence, including emails, texts, and
20  notes, between Local 11 and any of its 32,000 members. [Decl. Stasiewicz: Ex. S, p. 563
21  (Decl. Petersen) ¶2.] As was the case with Request 2, UHH fails to consider proportionality.
22  The questionable relevance of all communications amongst 32,000 members of Local 11
23  "concerning this Action" is outweighed by the burden on Local 11 of searching for,
24  assembling, and producing such communications.

25              Document Request 71. UHH demands "All minutes of the executive
26              committee of Local 11 concerning this Action."

27

28                      JOINT STIPULATION RE UHH'S MOTION TO COMPEL

As with Request 3, the Court should quash Request 71 because any responsive documents would be protected from disclosure. Two Plaintiffs are on Local 11's Executive Board. *Supra* I.A. Thus, any executive board minutes concerning this Action would be work product for the same reasons as explained for Request 3. Even were no Plaintiffs on Local 11's executive board, such minutes would be protected work product because they would have been prepared "because of" the instant litigation. *In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021) (noting work product doctrine applies where "document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation."). Local 11's own work-product is protected from disclosure regardless of its status as a non-party. *Infra* III.F.2 (explaining so, and distinguishing *In re California Public Utilities Com'n*, 892 F.2d 778 (9th Cir. 1989)).

### 2. Proposed Resolution

The Court should deny the motion to compel as to requests 3, 70, and 71. Alternatively, the Court may defer ruling until (A) the court in the Northern District of Illinois has resolved UHH's motion to compel against Plaintiffs, (B) UHH and Local 11 have met and conferred in light of that resolution, and in light of whatever further documents that resolution causes Plaintiffs to provide UHH, and (C) UHH and Local 11 have met and conferred on reasonable search terms to narrow UHH's requests to protect against undue burden. If the court orders Local 11 to search for and produce documents responsive to these requests, it should make clear that Local 11 may identify any privileged documents in a privilege log.

The Court should deny the motion to compel as to request 2 and permit Local 11 to provide the declaration covering the topics proposed by Local 11.

### D. UHH's Request Regarding the Wright Memorandum (Requests 37 and 80) and Local 11's Response Thereto

<u>Document Request 37</u>: All documents concerning whether some Plan Units subsidize the benefits of other Plan Units.

*Local 11's Response:* Objection - the phrase "documents concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection - the capitalized phrase "Plan Units" is vague, ambiguous, overbroad, and unduly burdensome in that it is not defined. Objection - the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection - the request is unduly burdensome in that it fails to describe with reasonable particularity the category of documents to be produced. Objection - the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection - the request is unduly burdensome in that it is exceedingly overbroad. Objection – the request is unduly burdensome in that it seeks documents equally available to the parties in the Action. Objection – the request is unduly burdensome in that compliance will require employees of Unite Here 11 to dedicate substantial time to search, review, and analyze responsive documents, if any, and will cause Unite Here 11 to incur significant expense. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection - the request was served to annoy and harass Unite Here 11.

Subject to and without waiving the foregoing objections or any applicable privileges, Unite Here 11 responds as follows: Based on its good faith understanding of the Request, Unite Here 11 will produce responsive documents in its possession, custody, or control that are both non- privileged and non-confidential.

Document Request 80: Any documents concerning the "actuarial and consulting firm" referenced in Exhibits C1 and C2 [to the Amended Complaint], including, but not limited to, any reports or other documents authored by the referenced firm.

*Local 11's Response*: Objection - the phrase "documents concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection - the term "documents" is vague, ambiguous, overbroad, and unduly burdensome. Objection - the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection - the request is unduly burdensome in that it fails to describe with reasonable particularity the category of documents to be inspected. Objection - the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection - the request is unduly burdensome in that it is exceedingly overbroad. Objection – the request is unduly burdensome in that compliance will require employees of Unite Here 11 to dedicate substantial time to search, review, and analyze responsive documents, if any, and will cause Unite Here 11 to incur significant expense. Unite Here 11 objects on the grounds and to the extent the request seeks confidential research, development, and/or commercial information. Objection – the request seeks documents that are not relevant to any party's claims or defenses, and/or are not proportional to the needs of the case. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection - the request was served to annoy and harass Unite Here 11.

*Privilege Log Entry:*

| DATE | AUTHOR (the following persons below are attorneys: Michael Weiner; Jeremy Blasi) | RECIPIENT(S) (the following persons below are attorneys: Michael Weiner; Benjamin O'Donnell; Jeremy Blasi; Robert E. Bloch; counsel at Dowd, Bloch, Bennett, Cervone) | DESCRIPTION | PRIV (A/C = Attorney Client; WP = Work Product; CI = Common Interest) |
|---|---|---|---|---|
| 4/16/2021 | Rich Wright | Michael Weiner, Kurt Petersen | Study of UHH's expenses | A/C, CI, Confidential Information |

### E.    UHH's Contentions, Points, and Authorities for Requests 37 and 80

The December 9, 2021, letter from Local 11 to UHH's general counsel referred to an analysis of UHH's administrative expense allocation practices prepared by an "actuarial and consulting firm" (the "Wright Memorandum"). That document is clearly relevant and was prepared neither by counsel nor in anticipation of litigation, but Local 11 withheld it based on attorney–client privilege, the common interest doctrine, and confidentiality. Despite the fact that Local 11's privilege log does not assert that the document is protected attorney work product, counsel also invoked the work-product doctrine in subsequent communications.

Because the Wright Memorandum is clearly relevant and not protected by any of the above-mentioned privileges or protections, Local 11 must produce the document.

### 1. The Memorandum is Clearly Relevant

The Wright Memorandum was produced by Richard Wright, a now-retired consulting actuary for the actuarial and consulting firm Milliman. Mr. Wright, who is not an attorney, served as an actuary for plans affiliated with Local 11 as early as 2010. As noted above, those plans did not merge into UHH until 2012.

The Wright Memorandum was the key factual basis for Local 11's December 2021 letter to UHH, which mirrors the allegations Plaintiffs subsequently brought in their complaint. The Wright Memorandum is thus relevant to the core issues in this Action.

### 2. The Memorandum is not a Privileged Attorney–Client Communication

The Wright Memorandum is not protected by the attorney–client privilege. As the Court well knows, that privilege protects confidential communications transmitted between attorneys and clients in the course of the attorney–client relationship. The party asserting the privilege has the burden of establishing the relationship and the privileged nature of the communication. *See United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). "[A]n assertion of a privilege without evidence to support it will not prevail." *Garber*, 234 F.R.D. at 192 (citing *Hollins v. Powell,* 773 F.2d 191, 196 (8th Cir.1985)). Mr. Wright is not an attorney. He is an actuary. And while the attorney–client privilege may extend to communications to third parties who have been engaged to assist an attorney in providing legal advice, courts in this district have made clear that "if the advice sought is not legal advice, but, for example, accounting advice from an accountant, then the privilege does not exist." *Richey*, 632 F.3d at 566. Indeed, Local 11's own December 2021 letter states that the memorandum was generated "to gain a fuller and more precise understanding of UHH's practices."

Following the service of UHH's original Joint Stipulation on April 1, 2024, Local 11 provided a heavily redacted engagement letter purporting to have been executed between Local 11, Milliman, and Gilbert & Sackman. The letter stated that the consulting services "shall be performed by Milliman as an agent for, and under the direction of, [Gilbert &

JOINT STIPULATION RE UHH'S MOTION TO COMPEL

31

Sackman], on behalf of [Local 11] and in anticipation of litigation," but the section describing the "Scope of Work" was redacted. During the April 17, 2024, meet-and-confer, Local 11 provided a portion of the Scope of Work, which stated simply that Milliman "will review the allocation of the administrative fees and expenses of the UNITE HERE Health Fund to the UNITE HERE Local 11 group (Plan Units 178 and 278), and provide a written analysis of such fees and expenses." Stasiewicz Decl., Ex. R, Redacted Milliman Engagement Letter. The remainder of the Scope of Work is redacted, as is much of the rest of the Milliman Engagement Letter. *Id.*

The Milliman Engagement Letter is not listed on Local 11's privilege log, so there is no justification for the remaining redactions on that document. See *La Verne Firefighters Ass'n, Loc. 3624 v. City of La Verne*, No. CV 7-08743 GW (AFMx), 2018 WL 6131196, at *3 (C.D. Cal. Sept. 5, 2018) (finding waiver of privilege where insufficient privilege log was produced). Moreover, the attorney-client privilege does not apply to fee agreements. *See Hoot Winc, LLC v. RSM McGaldrey Fin. Process Outsourcing, LLC*, No. 08-cv-1559 BTM (WMc), 2009 WL 3857425 (S.D. Cal. Nov. 16, 2009) ("The Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine.") (citing *Ralls v. United States*, 52 F.3d 223, 225 (9th Cir. 1995); *United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir. 1995)).

Although the Milliman Engagement Letter states Milliman's work was done at the direction of counsel, such a bald assertion alone does not create privilege over documents – including the Wright Memorandum – created by Milliman. *See, e.g., Brodsky v. Kaleida Health*, No. 01-CV-0676-SR, 2007 WL 9777691, at *2 (W.D.N.Y. Oct. 25, 2007) (rejecting argument that documents were privilege pursuant to the terms of engagement letters and stating "bald assertion of privilege is insufficient."). Local 11 has provided no indication of how the information in the Wright Memorandum constituted "legal advice" rather than the kind of actuarial advice routinely provided by Milliman to union clients. Accordingly,

1 attorney client privilege cannot attach to the Wright Memorandum nor the Milliman
2 Engagement Letter.

### 3. The Memorandum is not Attorney Work Product

4 Local 11's privilege log did not assert that the Wright Memorandum is protected
5 attorney work product. Even if it had, that doctrine offers no harbor. Work product is
6 governed by Federal Rule of Civil Procedure 26(b)(3), which provides in relevant part:

> 7 Ordinarily, a party may not obtain discovery of documents and tangible
> 8 things . . . "*prepared in anticipation of litigation or for trial by or for*
> 9 *another party or its representative* (including the other party's attorney,
> 10 consultant, surety, indemnitor, insurer, or agent).

11 Fed. R. Civ. P. 26(b)(3)(A)(emphasis added).

12 "To qualify for work-product protection, documents must: (1) be 'prepared in
13 anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or
14 for that other party's representative.'" *Richey*, 632 F.3d at 567. As with attorney–client
15 privilege, the party claiming work-product protection has the burden of proving the
16 applicability of the doctrine. *Garber*, 234 F.R.D. at 192.

17 Local 11 is not a party to this litigation. The doctrine's requirement that documents
18 be prepared "by or for another party or by or for that other party's representative" is
19 therefore not met. *See In re California Public Utilities Com'n*, 892 F.2d 778, 780–81 (9th
20 Cir. 1989) ("[T]he rule, on its face, limits its protection to one who is a party . . . to the
21 litigation in which discovery is sought."). Furthermore, as discussed above, Local 11's
22 December 2021 letter—which does not threaten litigation—indicates that the memorandum
23 was prepared not in anticipation of litigation but instead to "gain a fuller and more precise
24 understanding of UHH's practices." Nor has Local 11 provided any evidence that Milliman
25 was acting at the direction of an attorney, other than a conclusory statement to that effect in
26 counsel's January 26, 2024, email.

27
28

### 4. The Common Interest Doctrine Does Not Apply

Local 11's privilege log also invokes the common interest doctrine, but that doctrine does not apply where, as here, a document is not privileged or protected attorney work product. *See Pac. Pictures Corp. v. U.S. Dist. Court for the Cent. Dist. Of California*, 679 F.3d 1121, 1129 (9th Cir. 2012) ("[R]ather than a separate privilege, the 'common interest' or 'joint defense' rule is an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other."). The common interest doctrine "applies where (1) the communication is made by separate parties in the course of a matter of common [legal] interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." *United States v. Bergonzi*, 216 F.R.D. 487, 495–96 (N.D. Cal. 2003). Because the Wright Memorandum is neither an attorney–client communication nor work product, the common interest doctrine is inapplicable.

The same would be true even if the memorandum were privileged. Local 11 purportedly entered into a common interest agreement with Plaintiffs no earlier than February 2022. The Wright Memorandum was created ten months earlier, in April of 2021. And counsel—who, again, is representing both Local 11 and Plaintiffs—has confirmed that the Wright Memorandum has never been shared with Plaintiffs.

At the April 17 meet-and-confer, Local 11 suggested that because the same counsel, Gilbert & Sackman, now represents Plaintiffs as well as Local 11, the Wright Memorandum was protected by a common interest protection. Defendant reiterated that the common interest doctrine only applied to prevent waiver of otherwise protected information, and Local 11 has not demonstrated that the Wright Memorandum was protected in the first place.

### 5. Local 11's Confidentiality Assertion is Insufficient

While the privilege log cites "confidentiality" as a basis for withholding the Wright Memorandum, Local 11 has explained neither that contention nor why the existing

confidentiality and protective order is insufficient to protect the union's interests. Stasiewicz Decl., Ex. N, Confidentiality and Protective Order. Regardless, merely asserting "confidentiality" in a privilege log is inappropriate. *See Nguyen v. Lotus By Johnny Dung Inc.*, No. SACV 170-1317-JVS (JDEx), 2019 WL 4570032, at *4 (C.D. Cal. Apr. 12, 2019) (proper procedure for subpoenaed party seeking to protect confidential documents is to file a motion for protective order and make a "strong showing" that it has "historically sought to maintain the confidentiality" of "important proprietary information.") (*citing Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006); Fed. R. Civ. P. 45(d)(3)(B)(ii)).

### 6. Proposed Resolution

Local 11 should be compelled to produce all non-privileged documents responsive to Requests 37 and 80, including both the Wright Memorandum and the unredacted Milliman Engagement Letter that purportedly led to the creation of the Wright Memorandum.

### F. Local 11's Contentions, Points, and Authorities for Requests 37 and 80 (Wright Memorandum)

Local 11 does not dispute the Wright Memorandum's relevance. But Local 11 maintains that the Memorandum is protected from disclosure by the attorney-client privilege and as protected work product.

### 1. The Memorandum is a Privileged Attorney-Client Communication

The Wright Memorandum is attorney-client privileged. The Consulting Services Agreement[2] pursuant to which the Wright Memorandum was prepared makes clear that an actuary (Rich Wright of Milliman) was engaged by Local 11, in the capacity as "an agent

---

[2] UHH's argument that the Consulting Agreement is not privileged is irrelevant. UHH never claims, much less establishes, that the letter is relevant to the claims at issue in this lawsuit. Therefore, Local 11 produced only the portion of it that bears on its argument that the Memorandum is privileged. However, to address UHH's concerns, Local 11 has attached the unredacted Consulting Agreement as Exhibit F to the declaration of J. Paul Moorhead.

1   for, and under the direction of" Local'11 legal counsel. [Decl. Moorhead: Ex. F (Consulting
2   Agreement) p. 123.] The purpose of the engagement was to "review the allocation of the
3   administrative fees and expenses of [UHH] … and provide a written analysis of such fees
4   and expenses." [*Id*. at p. 127.] The Agreement makes clear that the purpose of the
5   engagement was "in anticipation of litigation," and that "[a]ll communications with [Local
6   11] and documents generated pursuant to this Agreement are therefore subject to the
7   attorney-client and work produce privileges and protection." [*Id*. at p. 123.]

8       Wright sent the Memorandum to Local 11's co-president Kurt Petersen and to its
9   attorneys. [Decl. Stasiewicz: Ex. L (privilege log) 4/16/2021 entry.] "Communications to
10  an accountant, in confidence, for the purpose of obtaining legal advice from a lawyer are
11  protected by the attorney-client privilege." *Smith v. McCormick*, 914 F.2d 1153, 1159 (9th
12  Cir. 1990) (approvingly quoting *United States v. Alvarez*, 519 F.2d 1036, 1045–47 (3d
13  Cir.1975) (in turn quoting *United States v. Kovel*, 296 F.2d 918 (2d Cir.1961)); *see also
14  Graff v. Haverhill N. Coke Co.*, 2012 WL 5495514, at *15 (S.D. Ohio Nov. 13, 2012) (draft
15  audit prepared by firm was attorney-client privileged where firm was hired by counsel "for
16  the very purpose of performing an audit to assist [counsel] in the rendition of legal advice");
17  *cf. United States v. Adlman,* 68 F.3d 1495, 1500 (2d Cir. 1995) (indicating that accounting
18  firm's memorandum would be attorney-client privileged if firm prepared the memorandum
19  to help attorney "furnish legal advice" to client).

20      The statement UHH quotes from *Richey* that "if the advice sought is not legal advice,
21  but, for example, accounting advice from an accountant, then the privilege does not exist"
22  did not purport to disturb the above principle, but instead merely indicated that the privilege
23  does not apply to communications that serve *solely* the purpose of receiving accounting
24  advice. Indeed, *Richey* cited for this proposition *United States v. Gurtner*, which said "[i]f
25  what is sought is not legal advice but *only* accounting service . . . or if the advice sought is
26  the accountant's rather than the lawyer's, no privilege exists." 474 F.2d 297, 298–99 (9th
27  Cir. 1973) (emphasis added). Here, the purpose of communications with Wright was not

28                      JOINT STIPULATION RE UHH'S MOTION TO COMPEL

1  solely or even primarily to receive actuarial advice, but instead to acquire information to

2  enable Local 11's attorney to advise on the merits of prospective litigation.

3  The December 9, 2021 letter confirms – not, as UHH claims, contradicts – the

4  privileged nature of the Memorandum. That letter was sent to UHH on Local 11's behalf

5  by Local 11's attorney. [Decl. Stasiewicz: Ex. D (letter).] The demand letter explained that

6  counsel had concluded, based on Wright's analysis, that UHH's practices violated ERISA

7  and that litigation would be warranted unless UHH corrected those violations. [*Id*. at pp. 65,

8  67 (concluding, based on Wright's analysis, that "UHH's Trustees are violating their

9  fiduciary duties [under ERISA] by forcing the other Plan Units to incur excessively high

10 administrative expenses and contribution rates in order to subsidize the Last Vegas Plan's

11 extraordinary benefits."), pp. 73-75 (warning of litigation unless the Board of Trustees

12 "immediately correct and remedy these violations"). Indeed, as UHH acknowledges, *supra*

13 I.A, the legal claims advanced in this letter are the same claims Plaintiffs have brought in

14 the instant litigation (noting this letter "raised the same issues . . . that form the basis of

15 Plaintiff's complaint").

16 ## 2.     The Wright Memorandum is Protected Work Product

17 The Wright Memorandum is also protected work product. Local 11's amended

18 response to UHH's subpoena object to production of the Wright Memorandum pursuant to

19 the work product doctrine. UHH does not sufficiently argue that Local 11 waived its work

20 product objection by inadvertently omitting that objection from its privilege log, given that

21 Local 11 asserted the objection in its subpoena response and counsel analyzed and discussed

22 the substance of the objection during meet and confer efforts. [Decl. Moorhead: Ex. G at

23 pp. 163-164, 201-202; Decl. Stasiewicz: Ex. H.] *See Apple Inc. v. Samsung Elecs. Co.,* 306

24 F.R.D. 234, 237 (N.D. Cal. 2015) ("[C]laims of privilege may pass muster despite an

25 inadequate privilege log.").[3]

26

27 ─────────────────

[3] UHH has not claimed, much less established, that "it has [a] substantial need for the

28

1    <u>The Memorandum is Protected under *Hickman* and Rules 26(c) and 45.</u>

2    UHH argues that in *California Public Utilities Com'n* ("*CPUC*"), the court held that

3    Rule 26(b)(3) does not extend to non-parties. But courts in the Ninth Circuit recognize that,

4    after *CPUC*, non-party work product remains protected by Rules 26(c), Rule 45, and

5    *Hickman v. Taylor,* 329 U.S. 495 (1947). *See Meyer v. Colavita, USA, Inc.*, 2011 WL

6    2457681, at *2 (C.D. Cal. June 17, 2011); *see also Carnes v. Crete Carrier Corp.*, 244

7    F.R.D. 694, 697-99 (N.D.Ga.2007) ("the protective provisions of Rule 45 and Rule 26(c),

8    as well as *Hickman*, support the extension of work product protection beyond the limits of

9    the text of Rule 26(b)(3).")

10   In *In re Student Fin. Corp*, 2006 WL 3484387 (E.D. Pa. Nov. 29, 2006), the court

11   first rejected a non-party's argument that its work product was protected under Rule

12   26(b)(3). *Id*. at *8. But "Rule 26(b)(3) . . . is not the only means for asserting work product

13   protection in federal courts." *Id*. at *10. The court explained at length that Rule

14   45(c)(3)(A)(iii), Rule 26(c), and the work product doctrine originating from *Hickman*

15   protected non-party work product independently of Rule 26(b)(3). *Id*. at *9-12. In brief,

16   "Rule 45 expressly provides that the court from which a subpoena has issued shall quash or

17   modify the subpoena if it 'requires disclosure of privileged or other protected matter and no

18   exception or waiver applies." *Id*. at *11. "Nothing in Rule 45's history or text indicates that

19   it was intended to incorporate Rule 26(b)(3)'s restriction of work product to parties." *Id*.

20   "Second, Rule 26(c) authorizes a court to issue a protective order 'for good cause shown'

21   to protect 'a party or person from annoyance, embarrassment, oppression or undue burden

22   or expense.' . . . [T]his language is sufficiently sweeping to authorize a protective order

23   preventing the undue burden of disclosing third-party work product in appropriate cases."

24   *Id*. at *11; *see also CPUC* at 781. "Third, *Hickman* itself provides authority to protect work

25

26

27   [Memorandum] to prepare its case and cannot, without undue hardship, obtain [its] substantial equivalent by other means.' Rule 26(b)(3)(A)(ii).

28   JOINT STIPULATION RE UHH'S MOTION TO COMPEL

38

product outside the terms of Rule [26(b)(3)], whether as to intangible work product or work product produced by third parties." *Student Fin. Corp*, 2006 WL 3484387 at *11.

The court then applied these principles to protect non-party work-product on facts much like those here. It reasoned:

> [T]he subpoena seeks to compel discovery of an adversary's work product prepared in anticipation of litigation against the very party issuing the subpoena. Although the exact litigation that [non-party] anticipated did not occur (because [non-party] did not sue [subpoena issuer] directly), the subsequent adversary action by the trustee was brought with [non-party]'s direct involvement. Through its settlement agreement with the trustee, [non-party] provided funds for the trustee to pursue adversary actions, like this one, against the trucking firms that did business with SFC. Any money collected through these adversary actions would be paid to the estate for the benefit of its creditors, the largest of whom is [non-party]. In addition to a financial interest in these suits, [non-party] also received a measure of control over the litigation, including the right to be consulted on strategy and to share privileged documents and the right, in certain circumstances, to pursue claims on the estate's behalf. . . .Under these circumstances, disclosure of [non-party]'s work product implicates all the purposes for the privilege articulated in *Hickman*: preventing discovery from chilling attorneys' ability to formulate their legal theories and prepare their cases, preventing opponents from free-loading off their adversaries' preparation, and preventing disruption of ongoing litigation.

*Id*. at 11. The same holds here. UHH's subpoena seeks Local 11's work product prepared in anticipation of possible litigation against UHH. Local 11 maintained the right to fund Plaintiff's suit and may be reimbursed from any amounts collected. Moreover, Local 11 has retained the right to share privileged documents pursuant to its Common Interest

1  Agreement with Plaintiffs. As in *Student Fin. Corp.*, UHH's motion to compel must be
2  denied.

3         Likewise instructive is *Meyer*. There, similar to here, a party filed a motion to compel
4  a non-party attorney to produce documents related to certain investigative testing performed
5  at the behest of non-party's firm when that firm was pursuing a different lawsuit. 2011 WL
6  2457681 at *1. The Court agreed that these documents were protected work product and,
7  pursuant to FRCP 45(c)(3)(A)(iii), denied the motion to compel them. *Id*. at *3.

8         *CPUC* rejected an argument that "the policy behind Rule 26(b)(3) requires that the
9  materials in question be protected from discovery." *Id*. at 781. But that analysis constituted
10 standard statutory interpretation to determine the scope *of Rule 26(b)(3)* in light of purpose
11 and textual arguments. Nowhere did *CPUC* discuss *Hickman*. For two reasons, the Court
12 should not read *CPUC*'s analysis of Rule 26(b)(3)'s policies as speaking to whether non-
13 parties can seek protection under *Hickman*.[4] First, courts treat *Hickman* and its progeny not
14 as merely the legislative history of Rule 26(b)(3), but instead as a doctrine with "contours"
15 that are "distinct" from and "broader than Rule 26(b)(3)". *Abdell v. City of New York*, No.
16 05 CIV. 8453 KMK JCF, 2006 WL 2664313, at *3 (S.D.N.Y. Sept. 14, 2006) (collecting
17 cases); *see also Student Fin. Corp*, No. 02-11620 JBR, 2006 WL 3484387, at *9
18 (recognizing that *Hickman* provides "independent authority for protecting third party work
19 product"). Second, if *CPUC*'s textual analysis of Rule 26(b)(3) displaced protection of non-
20 party work product under the *Hickman* doctrine, the same reasoning would displace
21 protection of intangible work product under that doctrine. *See id*. at 11 (noting *Hickman*
22 protects intangible work product, whereas Rule 23(b)(3)'s plain text is limited to protection
23 of "documents and tangible things"). That would be a grave implication that flouts Circuit
24 law. *Republic of Ecuador v. Mackay*, 742 F.3d 860, 868, n.2 (9th Cir. 2014) ("Although

25

---

26 [4] The cursory, contrary view of the district court in *United States v. Graham*, 555 F. Supp.
27 2d 1046, 1050 (N.D. Cal. 2008) is implicitly rejected by *Meyer* and is unpersuasive given
   the considerations Local 11 sets forth in this paragraph.

28                     JOINT STIPULATION RE UHH'S MOTION TO COMPEL

Rule 26(b)(3) is focused on documents and tangible things, *Hickman* protects intangible things independent of the rule.").

Nor does the statement that UHH partly quotes from *Richey* speak to whether non-parties can invoke work product protection outside of Rule 26(b)(3). *United States v. Richey,* 632 F.3d 559, 567 (9th Cir. 2011) (emphasis added) ("The work-product doctrine protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.' *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir.1989) (*citing Fed.R.Civ.P. 26(b)(3)*)."). The emphasized portion indicates that *Richey* did not mean to speak to protections outside of Rule 26(b)(3). The only thing at issue in *Richey* was whether certain documents *had been prepared in anticipation of litigation*, such that a *party* could claim work product protection. *See id*. at 562, 568. The Court thus did not purport to analyze whether non-parties can claim work product protection.

### 3. Local 11 Need Not Rely on the Common Interest Doctrine

UHH rightly notes that the common interest doctrine is an exception to waiver of an independently privileged document. UHH claims only that the Wright Memorandum is not privileged; not that any privilege has been waived. This Court therefore need not evaluate whether the common interest doctrine applies to the Memorandum.

### 4. Proposed Resolution

The Court should not compel the Memorandum's disclosure. If the Court has further questions regarding whether the Memorandum is privileged, the Court may wish to conduct an in-camera review of the Memorandum.

### G. UHH's Requests Regarding Local 11's Role in Negotiating and Setting Employer Contribution Rates (18, 19, and 21) and Local 11's Responses Thereto

<u>Document Request 18</u>: All documents concerning requests or demands by UHH that a Plaintiff's employer increase its Employer Contribution Rate to UHH.

*Local 11's Response:* Objection – the phrase "documents concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the request is vague, ambiguous, overbroad, and unduly burdensome in that the phrase "Employer Contribution Rate" is defined to "have the same meaning as in the Complaint," but that document, which is 57 pages without exhibits, does not explicitly define the phrase "Employer Contribution Rate." Objection – the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection – the request is unduly burdensome in that it seeks documents equally available to the parties in the Action. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection – the request was served to annoy and harass Unite Here 11.

Document Request 19: All documents concerning requests or demands by UHH that any employer participating in Plan Unit 178 or 278 increase its Employer Contribution Rate to UHH.

*Local 11's Response:* Objection – the phrase "documents concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the request is vague, ambiguous, overbroad, and unduly burdensome in that the phrase "Employer Contribution Rate" is defined to "have the same meaning as

in the Complaint," but that document, which is 57 pages without exhibits, does not explicitly define the phrase "Employer Contribution Rate." Objection – the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection – the request is unduly burdensome in that it seeks documents equally available to the parties in the Action. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection – the request was served to annoy and harass Unite Here 11.

Subject to and without waiving the foregoing objections or any applicable privileges, Unite Here 11 responds as follows: Based on its good faith understanding of the Request, Unite Here 11 will produce responsive documents in its possession, custody, or control that are both non- privileged and non-confidential.

Document Request 21: All documents concerning Local 11's role in determining Employer Contribution Rates for a Participating Employer, including, but not limited to, documents concerning any request by Local 11 to allocate Employer Contributions to UHH in an amount exceeding the Employer Contribution Rate requested by UHH.

*Local 11's Response:* Objection – the phrase "documents concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the

request is vague, ambiguous, overbroad, and unduly burdensome in that the phrase "Employer Contributions" is defined to "have the same meaning as in the Complaint," but that document, which is 57 pages without exhibits, does not explicitly define the phrase "Employer Contributions." Objection – the request is vague, ambiguous, overbroad, and unduly burdensome in that the phrase "Employer Contribution Rate(s)" is defined to "have the same meaning as in the Complaint," but that document, which is 57 pages without exhibits, does not explicitly define the phrase "Employer Contribution Rate(s)." Objection – the time period incorporated from Instruction Paragraph A of the Subpoena renders–the request unduly burdensome. Objection - the request is unduly burdensome in that it fails to describe with reasonable particularity the category of documents to be produced. Objection – the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection – the request is unduly burdensome in that it is exceedingly overbroad. Unite Here 11 objects on the grounds and to the extent the request seeks confidential research, development, and/or commercial information. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection – the request was served to annoy and harass Unite Here 11.

Subject to and without waiving the foregoing objections or any applicable privileges, Unite Here 11 responds as follows: Based on its good faith understanding of the Request, Unite Here 11 will produce responsive

JOINT STIPULATION RE UHH'S MOTION TO COMPEL

44

documents in its possession, custody, or control that are both non- privileged and non-confidential.

Document Request 28: All documents concerning why an employer or employers and Local 11 should or should not bargain into UHH, including, but not limited to, documents reflecting internal deliberations within Local 11 about whether to propose that any employer participate in UHH.

*Local 11's Response:* Objection – the phrases "documents concerning" and "documents reflecting" are vague, ambiguous, overbroad, and unduly burdensome. Objection – the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection – the request is unduly burdensome in that it fails to describe with reasonable particularity the category of documents to be produced. Objection – the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection – the request is unduly burdensome in that it is exceedingly overbroad. Objection – the request is unduly burdensome in that compliance will require employees of Unite Here 11 to dedicate substantial time to search, review, and analyze responsive documents, if any, and will cause Unite Here 11 to incur significant expense. Unite Here 11 objects on the grounds and to the extent the request seeks confidential research, development, and/or commercial information. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from

disclosure by the work-product privilege and/or common interest privilege. Objection – the request was served to annoy and harass Unite Here 11.

### H. UHH's Contentions, Points, and Authorities for Requests 18, 19, and 21

UHH seeks an order compelling Local 11 to search for and produce documents responsive to Requests 18, 19, and 21. Local 11 has objected to producing *any* documents relating to Request 18 but has not specified on which basis those documents are being withheld. While the union agreed to provide documents in response to Requests 19 and 21, its production is so sparse as to suggest that Local 11 either failed to conduct an appropriate search or withheld documents without notifying UHH of that decision and its alleged justification.

#### 1. Documents Regarding Local 11's Role in Negotiating and Setting Contribution Rates are Critically Relevant

Documents regarding Local 11's role in negotiating and setting employer contribution rates are both relevant and critical to UHH's ability to defend itself in the Action. Local 11, not UHH, negotiates with employers regarding the terms of the collective bargaining agreements in which contribution rates are contained. Local 11 also negotiates *with UHH* on contribution rates Documents pertaining to Local 11's internal processes and decision-making about rates therefore strike to the heart of Plaintiffs' claim that unnecessarily high contributions to UHH resulted in lower wages.

The relevance of such documents is underlined by the fact that Local 11 often exercises its own judgment about how to set employer contribution rates, including with respect to intentional overcontributions to UHH. Stasiewicz Decl., Ex P, pp. 548-49 Excerpted Dep. Trans., at 191:6–192:15. UHH seeks documents showing how Local 11 arrives at those rates and what trade-offs it makes (regarding wages or other benefits) in selecting a final rate. *See* Req. 21. For example, Local 11 told UHH in 2017 that it was "contemplating various possibilities" regarding employer contribution rates. Stasiewicz

Decl., Ex. O, p. 545, Nov. 2017 Email. Documents pertaining to Local 11's analysis of those "various possibilities," including intentional overpayment, are critical to Plaintiffs' claims and UHH's defense.

Further demonstrating the relevance of Local 11 documents, Plaintiffs' recently filed motion for class certification relies on the declarations of Local 11 Co-President Kurt Peterson, Local 11 Organizing Director Austin Lynch, and Local 11 Administrative Director Martin Lopez. Stasiewicz Decl., Group Ex. S, Local 11 Declarations.

The Local 11 Declarations state: "[i]n order to negotiate contribution rates that would satisfy UHH's minimum contribution rates, Local 11 often had to sacrifice other economic objectives such as higher wages and retirement contributions. If UHH's minimum contribution rates had been lower, Local 11 could have negotiated higher wages for its members." Stasiewicz Decl., Group Ex. S, p. 560, Lynch Dec. ¶ 9, p. 566, Peterson Dec. ¶ 20. That assertion goes to the core issues in this case, and the truth of that assertion can only be tested through Local 11's documents that reflect the negotiations referenced in the Local 11 Declarations. The relevance of these collective bargaining documents is beyond dispute.

To the extent that any named Plaintiffs were involved in the negotiation of the contribution rates, documents reflecting their involvement in Local 11's decision-making are directly relevant to class certification, causation, and damages.

### 2. Local 11's Confidentiality Assertion is Insufficient[5]

Local 11 has refused to produce certain responsive documents based on confidentiality, as shown in its privilege log:

---

[5] Local 11's objections as to burden are essentially identical to the litany of boilerplate objections the union made in response to UHH's other document requests, as discussed above. *See supra* Part III.I.B.2. UHH incorporates its arguments above herein.

JOINT STIPULATION RE UHH'S MOTION TO COMPEL

47

| DATE | AUTHOR (the following persons below are attorneys: Michael Weiner; Jeremy Blasi) | RECIPIENT(S) (the following persons below are attorneys: Michael Weiner; Benjamin O'Donnell; Jeremy Blasi; Robert E. Bloch; counsel at Dowd, Bloch, Bennett, Cervone) | RECIPIENT | PRIV (A/C = Attorney Client; WP = Work Product; CI = Common Interest) |
|---|---|---|---|---|
| 2/24/2021 | Kurt Petersen | unknown | Draft union collective bargaining proposal re Employer Orientation | Confidential Information |
| Feb 2020 - January 2021 | Kurt Petersen; Jeremy Blasi; Charles Du; Nellie Ruiz | unknown | Draft collective bargaining agreement | Confidential Information |
| 9/14/2020 | Local 11 Staff | unknown | Draft union-employer memorandum of agreement re extending health coverage | Confidential Information |

| 9/24/2020 | Kurt Petersen | unknown | Draft union-employer memorandum of agreement re adjustments during periods of reduced occupancy | Confidential Information |
| 2/8/2021 | Kurt Petersen | unknown | Draft collective bargaining agreement | Confidential Information |

UHH requested that these documents be produced in its December 18 letter and again at the parties' January 17 meet-and-confer. In a January 26 email, Local 11 stood on its objection. The union cited "Local 11's right to protect as confidential its bargaining strategies" without further elaborating on what aspects of those bargaining strategies would need to be held confidential as to the UHH or how that information would not be adequately protected by existing confidentiality protections.

During the April 17, 2024, meet-and-confer – more than two weeks after UHH's initial service of its Joint Stipulation, and months after the January 26 email, Local 11 for the first time raised a "collective bargaining privilege" as a basis to withhold the documents marked as "confidential" in its privilege log. (During the same call, Local 11 also acknowledged that there were likely other documents that would be withheld on the same basis, but given that Local 11 had not conducted any search for responsive documents on the basis that even performing the search would pose an undue burden, those documents were not logged separately.)

As a threshold issue, Local 11's failure to raise the purported "collective bargaining privilege" in its written responses and amended written responses results in that objection

being waived. *See McCoy v. Southwest Airlines Co*., 211 F.R.D. 381, 385 (C.D. Cal. 2002) (A "nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived.").

However, even if Local 11 had asserted that "privilege" in a timely manner, it would not justify withholding of the listed documents. At the April 17 meet-and-confer, Local 11 orally cited two NLRB cases – *Berbiglia, Inc*. 233 NLRB 1476, 1977 WL 9442 (Dec. 29, 1977) and *Stericycle, Inc.*, 370 NLRB 89, 2021 WL 663731 (Feb. 17, 2021) – in support of the "collective bargaining privilege." Neither of these cases excuse Local 11 from its obligation to comply with UHH's Subpoena.

The cases cited by Local 11 are inapposite for at least three reasons. First, *Berbiglia* and *Stericycle* were administrative proceedings before the National Labor Relations Board, *i.e.*, not proceedings in Article III courts subject to the Federal Rules of Civil Procedure. Second, those administrative decisions dealt with the relationship between unions and employers. *See Berbiglia*, 233 NLRB 1477-78; *Stericycle* 370 NLRB No. 89 at *1, n. 5-6. Here, the underlying dispute is between union members and the UHH trust fund. The union member plaintiffs are all members of Local 11. Neither Local 11 nor its individual members engage in collective bargaining negotiations against UHH, so no collective-bargaining privilege can apply here. Third, to the extent that *Berbiglia* and *Stericycle* protected certain collective bargaining information, those decisions were concerned with *public* disclosure of information (by subpoena from a respondent employer to the union in *Berbiglia*, 233 NLRB at 1495, and by a request from the union to the employer in *Stericycle* 370 NLRB No. 89 at *1, n.5-6). Here, the Confidentiality Order protects properly designated materials from public disclosure.

Federal courts have routinely declined to apply *Berbiglia* or *Stericycle* to excuse compliance with subpoenas. *See N.L.R.B. v. Serv. Emps. Int'l Union, Loc. 521*, No. C-07-80170MISC-JF, 2008 WL 152176, at *3 (N.D. Cal. Jan. 16, 2008)(rejecting blanket

confidentiality objection to subpoenaed documents under *Berbiglia*, and noting that any confidentiality concerns attendant to disclosure would be addressed by protective order); *see also Chicago Bridge & Iron Co., N.V. v. Fairbanks Joint Crafts Council*, AFL-CIO, No. 3:18-CV-00100 JWS, 2019 WL 2579627, at *3–4 (D. Alaska June 23, 2019)(noting that even the NLRB has rejected the argument that *Berbiglia* created a blanket privilege for negotiation and strategy materials); *Am. Med. Response of Connecticut, Inc. v. Nat'l Lab. Rels. Bd*., 93 F.4th 491 (D.C. Cir. 2024)(rejecting argument that *Stericycle* created categorical rule allowing union to withhold grievance-related information).

In short, *Berbiglia* and *Stericycle* do not excuse Local 11 from producing responsive, relevant documents. Furthermore, even if a collective bargaining privilege somehow was applicable here, Local 11 could not claim the protection of such a privilege without listing *each* withheld document on its privilege log. Fed. R. Civ. P. 45(e)(2)(A); *Compaq Computer Corp. v. Packard Bell Elecs., Inc*., 163 F.R.D. 329, 338 (N.D. Cal. 1995)(general objections that information sought by a subpoena was privileged was insufficient to satisfy Rule 45, respondent was "to serve a privilege log listing *all documents* withheld on the ground of privilege against disclosure and providing information as to each such document sufficient to sustain the burden of asserting the privileges(s)." *Id*. (emphasis added) (*citing Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D. Cal. 1992)). Local 11's logging of only five bargaining documents, when the union bargains with dozens of employers on a repeating basis, underscores Local 11's failure to meet its obligation in identifying responsive documents, and documents not listed in the log cannot be deemed protected by any privilege.

Local 11's previous designation of the collective bargaining materials as "confidential" is also an invalid basis for withholding production. "[T]here is no absolute privilege for trade secrets and similar confidential information." *Gonzales*, 234 F.R.D. at 685 (quotation and citation omitted). That is all the more true in cases like this Action, where a Confidentiality Order has been in place since September 2023. That Confidentiality Order governs not just documents designated as confidential by a party, but also those

produced in "response[ ] to non-party subpoenas." Stasiewicz Decl., Ex. N, p. 534, Confidentiality Order ¶ 1. Local 11 may designate certain documents produced in response to UHH's subpoena as confidential, and those documents will be handled pursuant to the Confidentiality Order. But Local 11 cannot withhold responsive documents based on a mere assertion of confidentiality, even if those documents are listed in a privilege log. *See Nguyen*, No. SACV 170-1317-JVS (JDEx), 2019 WL 4570032, at *4 (proper procedure for subpoenaed party seeking to protect confidential documents is to file a motion for protective order and make a "strong showing" that it has "historically sought to maintain the confidentiality" of "important proprietary information.") (citing *Gonzales*, 234 F.R.D. at 684; Fed. R. Civ. P. 45(d)(3)(B)(ii)).

Even if Local 11 had followed the appropriate procedures, it has not explained why documents relating to rate negotiations are confidential within the meaning of the law, let alone attempted to explain how any such concerns would not be adequately protected by the existing Confidentiality Order.

### 3. Local 11's Production is Insufficient, and its Responses are Inappropriately Vague Regarding Whether the Union is Withholding Documents.

In response to Request 21, Local 11 produced UHH's own Minimum Standards policy and various spreadsheets detailing employer contribution rates. Missing from the production are any documents and/or communications (1) regarding negotiations between Local 11 and employers regarding contribution rates or (2) reflecting Local 11's internal analysis and decision-making regarding contribution rates, including its decision to contribute more than recommended by UHH. UHH raised these deficiencies in its December 18 letter, asking that Local 11 either supplement its production or state in writing that no other responsive documents are in its possession, custody, or control. Local 11 has done neither. Despite UHH's repeated requests, Local 11 has also failed to provide either a description of its ESI storage and search protocols or a sufficiently detailed explanation of

1    the alleged "burden on UH Local 11 in locating and reviewing these documents." *See, e.g.*,

2    Stasiewicz Decl., Ex. H, Jan. 26 Email.

### 4. Proposed Resolution

4    Local 11 should be compelled to produce all documents responsive to Requests 18,

5 19, and 21, including the documents marked "confidential" on its privilege log, and Local

6 11 should also be compelled to produce a declaration setting forth its search parameters and

7 stating whether any documents are being withheld based on a given objection.

### I. Local 11's Contentions, Points, and Authorities for Requests 18, 19, and 21 (Local Collective Bargaining Notes and Strategy)

### 1. Contentions, Points, and Authorities

11    <u>Document Requests 18 19, and 21</u>. UHH seeks production of all "documents

12 concerning" UHH's demand that an employer increase is "Employe

13 Contribution Rate to UHH," and all "documents concerning" Local 11's role

14 in setting such rates.

15    Local 11 objected on the ground that UHH's subpoena defines the phrase "Employer

16 Contribution Rate" to "have the same meaning as in the Complaint," but that pleading does

17 not explicitly define the phrase. During the meet and confer process, UHH did not provide

18 a specific definition for this phrase.

19    Moreover, the request seeks a massive amount of documents when it is apparent that

20 only a very small number of documents, if any, are relevant to the Action. The declaration

21 of Kurt Petersen, co-president of Local 11, explains as follows:

22      "8.    Each collective bargaining agreement involving Local 11 that provides

23      or provided for benefits under [UHH] Plan Units 178 or 278 also requires

24      contributions to be made to UHH at a rate that UHH approves. Each such

25      collective bargaining agreement generally provides a single employer

26      contribution rate for all covered employees. Occasionally a collective

27      bargaining agreement will provide different rates for workers in different

28

sectors (e.g., hotel workers or event center workers), but even then all employees within a single sector have the same contribution rate.

9.   In reality, UHH dictates contribution rates for the participating employers that Local 11 bargains with.

10.   UHH won't provide benefits to Local 11 members unless Local 11 submits its collective bargaining agreements to UHH for approval before they are signed by Local 11 and the employer.

11.   During the collective bargaining process with each employer, Local 11 generally requests from UHH the contribution rates that UHH is going to require for the term of the agreement. UHH's underwriting department then provides Local 11 with the contribution rates that Local 11 must negotiate with the employer.

12.   These communications with UHH about contribution rates occur before Local 11 can conclude an agreement with any employer.

13.   Sometimes, UHH has indicated that it has not projected contribution rates for the full term of a pending collective bargaining agreement and it has required Local 11 and the employer to add language allowing UHH to determine future contribution rates.

14.   When I was negotiating collective bargaining agreements that provided for health benefits from UHH, I understood that if Local 11 failed to achieve the contribution rates that UHH specified, then our members could be denied healthcare." [Decl. Stasiewicz: Ex. S, pp. 564-565 (Decl. Petersen).]

It is obvious that when UHH demands a certain contribution rate, or an increase in such a rate, it has the information and documentation related to that demand. Mr. Petersen's declaration indicates that such demand is typically the end of any negotiation. Either Local 11 and the employer bargain to provide for such a contribution rate (in which case UHH provides health coverage to the affected employees), or they do not (in which case UHH

1  refuses to provide coverage). It is not clear to Local 11 what other "documents concerning"
2  this process UHH is now requesting.

3      To the extent UHH is demanding production of all documents identifying Local 11's
4  collective bargaining strategy, its notes regarding the bargaining process, draft agreements,
5  and correspondence with the employers, Local 11 objects that any relevance is outweighed
6  by the burden on Local 11 in searching for and assembling these documents, as well as the
7  federally recognized doctrine that generally protects a union's bargaining strategy from
8  disclosure.

9      Local 11 has negotiated hundreds of CBAs. [Decl. Stasiewicz: Ex. S (Decl.
10  Petersen).] Since UHH must first approve any CBA that involves participation in UHH, it
11  already knows which CBAs required contributions to UHH. Since UHH unilaterally set the
12  minimum required contributions needed for participation, UHH also knows which, if any
13  of Local 11's CBAs required contributions exceeding those set by UHH. During the meet
14  and confer process, Local 11 requested that UHH narrow its requests to any such CBAs, but
15  UHH refused. Such conduct ignores the proportionality requirement of weighing relevance
16  against burden.

17      This burden is heightened by the fact that as a labor union, Local 11 fervently seeks
18  to protect the confidentiality of its collective bargaining strategies. This collective
19  bargaining privilege was first recognized in *Berbiglia, Inc*. 233 NLRB 1476, 1977 WL 9442
20  (1977). There, the National Labor Relations Board affirmed an administrative law judge's
21  decision revoking subpoenas for records of communications between the union and its
22  members and other organizations regarding the bargaining process. The Board reasoned that
23  "[i]f collective bargaining is to work, the parties must be able to formulate their positions
24  and devise their strategies without fear of exposure. This necessity is so self-evident as
25  apparently never to have been questioned." *Id*. "[B]argaining notes are generally privileged"
26  under *Berbiglia*. *See Stericycle, Inc.*, 370 NLRB No. 89, 2021 WL 663731, at fn.6 (Feb. 17,
27  2021) (collecting authority) (protecting bargaining notes as to provisions of collective

28

JOINT STIPULATION RE UHH'S MOTION TO COMPEL

55

bargaining agreement). While UHH rightly notes that these authorities are from administrative proceedings and involve discovery between unions and employers (rather than a union and health plan), these authorities nonetheless demonstrate the high degree of confidentiality of Local 11's bargaining strategy, which this Court can appropriately take note of in considering the undue burden of UHH's broad requests.

### 2. Proposed Resolution

The Court should deny the motion to compel as to requests 18, 19, and 21. Failing that, the Court should order UHH to identify specific instances where Local 11 departed from the minimum contribution rate and narrow these requests to those instances.

### J. UHH's Request Regarding Local 11's Communications with Employers About Participating in UHH (28) and Local 11's Response Thereto

Document Request 28: All documents concerning why an employer or employers and Local 11 should or should not bargain into UHH, including, but not limited to, documents reflecting internal deliberations within Local 11 about whether to propose that any employer participate in UHH.

Local 11's Response: Objection – the phrases "documents concerning" and "documents reflecting" are vague, ambiguous, overbroad, and unduly burdensome. Objection – the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection – the request is unduly burdensome in that it fails to describe with reasonable particularity the category of documents to be produced. Objection – the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection – the request is unduly burdensome in that it is exceedingly overbroad. Objection – the request is unduly burdensome in that compliance will require employees of Unite Here 11 to dedicate substantial time to search, review, and analyze responsive

JOINT STIPULATION RE UHH'S MOTION TO COMPEL

56

documents, if any, and will cause Unite Here 11 to incur significant expense. Unite Here 11 objects on the grounds and to the extent the request seeks confidential research, development, and/or commercial information. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection – the request was served to annoy and harass Unite Here 11.

### K. UHH's Contentions, Points, and Authorities for Request 28

Because Local 11 chooses among different health plans when deciding how to provide medical coverage to its members, UHH seeks documents in Local 11's possession, custody, or control that relate to Plaintiffs' or Local 11's demonstrated preference for UHH despite any alleged expense concerns. Analyses of the advantages of transitioning out of Local 11's previously used health funds to UHH are particularly relevant, as Local 11 merged into UHH in 2012 partly due to those funds' excessive operating costs. Documents evidencing Local 11's understanding of the benefits and/or costs of remaining with UHH are likewise relevant.

Local 11 has flatly refused to produce any documents related to Request 28, which it characterizes (without evidence) as notes, proposals, redlined drafts, minutes, interoffice communications, and memos constituting "background documents" that show Local 11's bargaining strategy with employers. *See* Ex. A, Jan. 26 Email.

"Background documents" or not, those documents are clearly both responsive and nonprivileged. And because Local 11 has both failed to explain its objection and refused to describe its ESI storage or search policies, any burden objection is woefully insufficient to meet the standards of the Federal Rules and this Court.

1    Local 11 should be compelled to produce all non-privileged documents responsive to
2    Request 28. Local 11 should also be compelled to produce a declaration setting forth its
3    search parameters and stating whether any documents are being withheld based on a given
4    objection.

5    **L.    Local 11's Contentions, Points, and Authorities for Request 28**
6    **1.  Contentions, Points, and Authorities**
7    <u>Document Request 28</u>. UHH demands "all documents concerning why an
8    employer or employers and Local 11 should or should not bargain into UHH,
9    including, but not limited to, documents reflecting internal deliberations within
10   Local 11 about whether to propose that any employer participate in UHH."

11   Local 11 objected, and continues to object on the grounds that the broad nature of
12   this request, and ambiguity of the phrases "all documents concerning" and "documents
13   reflecting," renders the request unduly burdensome. The request and use of the quoted
14   phrases could reasonably be interpreted to require production of every document concerning
15   any health benefits negotiated by Local 11 on behalf of its members. This fishing expedition
16   fails to consider proportionality and the undue burden on Local 11 of searching for,
17   assembling, and producing this ill-defined set of documents.

18   To the extent UHH is demanding production of all documents identifying Local 11's
19   collective bargaining strategy, its notes regarding the bargaining process, draft agreements,
20   and correspondence with the employers, Local 11 objects that any relevance is outweighed
21   by the burden on Local 11 in searching for and assembling these documents, as well as the
22   federally recognized doctrine that generally protects a union's bargaining strategy from
23   disclosure. *See* above analysis in Section I regarding the scope of CBAs maintained by
24   Local 11 and its interest in maintaining the confidentiality of its collective bargaining
25   strategies.

26   To the extent UHH is demanding production of all documents created pursuant to
27   this Action, Local 11 relies on the privilege analysis in Section F above.

28   JOINT STIPULATION RE UHH'S MOTION TO COMPEL

**2. Proposed Resolution**

The Court should deny the motion to compel as to Request 28. If the Court orders Local 11 to search for and produce documents responsive to this request, it should make clear that Local 11 may identify any privileged documents in a privilege log.

**M. UHH's Requests Regarding the Assessment and Allocation of Administrative Expenses (40, 41, 43, 46, and 78) and Local 11's Responses Thereto**

Document Request 40: All documents concerning any connection or correlation between Plaintiffs' wages and UHH's assessment or allocation of Administrative Expenses.

*Local 11's Response:* Objection - the phrase "documents concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection - the request is vague, ambiguous, overbroad, and unduly burdensome in that the phrase "Administrative Expenses" is defined to "have the same meaning as in the Complaint," but that document, which is 57 pages without exhibits, does not explicitly define the phrase "Administrative Expenses." Objection - the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection - the request is unduly burdensome in that it fails to describe with reasonable particularity the category of documents to be produced. Objection - the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection – Unite Here 11 objects to the extent that production will violate the privacy and confidentiality concerns of the Plaintiffs. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-

product privilege and/or common interest privilege. Objection - the request was served to annoy and harass Unite Here 11.

Subject to and without waiving the foregoing objections or any applicable privileges, Unite Here 11 responds as follows: Based on its good faith understanding of the Request, Unite Here 11 will produce responsive documents in its possession, custody, or control that are both non- privileged and non-confidential.

Document Request 41: All documents concerning the Administrative Expenses of multiemployer welfare plans other than UHH, including, but not limited to, the multiemployer welfare plans identified in Paragraphs 144 and 151 of the Complaint.

*Local 11's Response:* Objection - the phrase "documents concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection - the phrase "multiemployer welfare plans other than UHH" is overbroad and unduly burdensome. Objection - the request is vague, ambiguous, overbroad, and unduly burdensome in that the phrase "Administrative Expenses" is defined to "have the same meaning as in the Complaint," but that document, which is 57 pages without exhibits, does not explicitly define the phrase "Administrative Expenses." Objection - the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection - the request is unduly burdensome in that it fails to describe with reasonable particularity the category of documents to be produced. Objection - the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection - the request is unduly burdensome in that it is exceedingly overbroad. Objection – the request is unduly burdensome in that compliance will require employees of Unite Here

11 to dedicate substantial time to search, review, and analyze responsive documents, if any, and will cause Unite Here 11 to incur significant expense. Unite Here 11 objects on the grounds and to the extent the request seeks confidential research, development, and/or commercial information. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection - the request was served to annoy and harass Unite Here 11.

Subject to and without waiving the foregoing objections or any applicable privileges, Unite Here 11 responds as follows: Based on its good faith understanding of the Request, Unite Here 11 will produce responsive documents in its possession, custody, or control that are both non- privileged and non-confidential.

Document Request 43: All documents concerning identification or comparison of any multiemployer welfare plans similar or comparable to UHH, including, but not limited to, the multiemployer welfare plans identified in Paragraphs 144 and 151 of the Complaint.

*Local 11's Response*: Objection - the phrase "documents concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection - the phrase "multiemployer welfare plans other than UHH" is overbroad and unduly burdensome. Objection - the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection - the request is unduly burdensome in that it fails to describe with reasonable particularity the category of documents to be produced. Objection

- the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection - the request is unduly burdensome in that it is exceedingly overbroad. Objection – the request is unduly burdensome in that compliance will require employees of Unite Here 11 to dedicate substantial time to search, review, and analyze responsive documents, if any, and will cause Unite Here 11 to incur significant expense. Unite Here 11 objects on the grounds and to the extent the request seeks confidential research, development, and/or commercial information. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection - the request was served to annoy and harass Unite Here 11.

Document Request 46: All documents concerning the reasonableness of any fees that UHH paid to a service provider.

*Local 11's Response*: Objection - the phrase "documents concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection - the phrase "service provider" is vague, ambiguous, overbroad, and unduly burdensome. Objection - the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection - the request is unduly burdensome in that it fails to describe with reasonable particularity the category of documents to be inspected. Objection - the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection - the request is unduly burdensome in that it is exceedingly overbroad. Objection – the request is unduly burdensome in that

it seeks documents equally available to the parties in the Action. Objection–the request is unduly burdensome in that compliance will require employees of Unite Here 11 to dedicate substantial time to search, review, and analyze responsive documents, if any, and will cause Unite Here 11 to incur significant expense. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection -the request was served to annoy and harass Unite Here 11.

<u>Document Request 78</u>: All documents concerning the difference in Administrative Expenses for self-insured plans and fully-insured plans.

*Local 11's Response*: Objection - the phrase "documents concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection - the request is vague, ambiguous, overbroad, and unduly burdensome in that the phrase "Administrative Expenses" is defined to "have the same meaning as in the Complaint," but that document, which is 57 pages without exhibits, does not explicitly define the phrase "Administrative Expenses." Objection - the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection - the request is unduly burdensome in that it fails to describe with reasonable particularity the category of documents to be inspected. Objection - the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection - the request is unduly burdensome in that it is exceedingly overbroad. Objection –

the request is unduly burdensome in that compliance will require employees of Unite Here 11 to dedicate substantial time to search, review, and analyze responsive documents, if any, and will cause Unite Here 11 to incur significant expense. Unite Here 11 objects on the grounds and to the extent the request seeks confidential research, development, and/or commercial information. Objection - the request seeks documents that are not relevant to any party's claims or defenses, and/or are not proportional to the needs of the case. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection - the request was served to annoy and harass Unite Here 11.

Subject to and without waiving the foregoing objections or any applicable privileges, Unite Here 11 responds as follows: Based on its good faith understanding of the Request, Unite Here 11 will produce responsive documents in its possession, custody, or control that are both non- privileged and non-confidential.

### N.     UHH's Contentions, Points, and Authorities for Requests 40, 41, 43, 46 and 78

UHH seeks an order compelling Local 11 to search for and produce documents responsive to Requests 40, 41, 43, 46, and 78, which relate to the assessment and allocation of administrative expenses. Local 11 has objected to producing any documents relating to Requests 43 and 46 but has not specified the basis upon which they are being withheld. While the union has agreed to provide documents in response to Requests 19, 21, and 65, it

1   has produced zero documents responsive to Request 65 and only limited documents in
2   response to Requests 19 and 21.

3       Local 11 has produced a limited set of documents in response to Requests 40 and 78,
4   but evidence suggests that additional responsive documents are within the union's
5   possession, custody, and control. Local 11 has not identified those documents as withheld.

6       **1. Documents Relating to Administrative Expenses and Allocation Are**
7       **Centrally to Plaintiffs' Claims**

8       In response to Request No. 40, Local 11 produced a letter from Local 11 to UHH
9   General Counsel Dharma Patel (Stasiewicz Decl., Ex. D) an analysis Local 11 conducted
10  regarding UHH's allocation of administrative expenses, and various spreadsheets analyzing
11  UHH's costs. Missing from the production are any communications discussing these
12  analyses (identifying, for example, why the analyses were conducted, who produced them,
13  and what parameters Local 11 shared with the author). Also missing are drafts of the letter
14  to UHH's General Counsel or internal discussions of the substance of the analysis contained
15  therein.

16      The scant documents Local 11 produced in response to Requests 37, 40, and 78 all
17  reflect the obvious relevance of the allocation of administrative expenses. The documents
18  sought in Requests 43 and 46 are equally relevant to this action, as Local 11's comparison
19  between plans and the reasonableness of UHH fees (including administrative expenses) are
20  central to both Local 11's December 2021 letter to UHH and Plaintiffs' claims in the Action.

21      Accordingly, Local 11 should be compelled to search for and produce all non-
22  privileged documents responsive to Requests 37, 40, 41, 43, 46, and 78.

23      **2. Local 11's Proportionality and Confidentiality Objections Are Without**
24      **Merit.**

25      Local 11 again asserts a litany of improper generic boilerplate objections as to
26  proportionality. These proportionality objections are unsupported by fact and have no merit.
27  *See A. Farber*, 234 F.R.D. at 188; *supra* Part III.B.2. Local 11 also re-asserts its objections
28

as to confidentiality, despite not seeking a protective order or explaining why the Confidentiality Order in the Action would not protect any confidential information. *See Gonzales*, 234 F.R.D. at 685, *see generally* Part E.5, *supra*. Furthermore, Local 11 has not indicated whether it was withholding documents based on any specific objection.

With regard to Request 37, 40, and 78, UHH asked on December 18 that Local 11 explain its deficient production, indicate whether it planned to supplement that production, and, if not, confirm that no additional non-privileged responsive documents exist. Local 11 has neither supplemented its disclosure nor confirmed that it has no additional documents.

The union has flatly refused to provide documents responsive to Requests 43 and 46. After UHH's December 18 letter requested more specificity as to which of its many boilerplate objections Local 11 was standing on, Local 11 stated at the January 17 meet-and-confer that the requests seemed broad. UHH responded that the requests seek internal communications and that Local 11 needed to provide an explanation of how such documents are stored and whether any responsive documents exist. Local 11 has not provided that information.

### 3. Proposed Resolution

Local 11 should be compelled to search for and produce all non-privileged documents responsive to Requests 37, 40, 41, 43, 46, and 78. Local 11 should also be compelled to produce a declaration setting forth its search parameters and stating whether any documents are being withheld based on a given objection. *See, e.g.*, *Broidy*, No. 22-MC-79-AB (ASx), 2022 WL 2964828, at *1.

### O. Local 11's Contentions, Points, and Authorities for Requests 40, 41, 43, 46, and 78 (Allocation of Administrative Expenses)

### 1. Contentions, Points, and Authorities

These demands seek "documents concerning" UHH's allocation of "Administrative Expenses." Local 11 objected on the ground that UHH's subpoena defines the phrase "Administrative Expenses" to "have the same meaning as in the Complaint," but that

pleading does not explicitly define the phrase. During the meet and confer process, UHH did not provide a specific definition for this phrase.

UHH demands documents regarding any correlation between employees' wages and UHH's allocation of Administrative Expenses. As discussed above, UHH knows which (if any) of Local 11's CBAs require contributions exceeding those set by UHH. Accordingly, UHH knows which CBAs could possibly have had increased contributions (and accordingly decreased wages) to subsidize Administrative Expenses. UHH should narrow its requests to any such CBAs to decrease any unnecessary burden on Local 11.

UHH also demands documents related to the Administrative Expenses of all "plans other than UHH," including over 60 plans identified in Plaintiffs' amended complaint. [Decl. Stasiewicz: Ex. A, pp. 41-46 [Amended Complaint] ¶¶ 144, 151.] It is not clear why UHH has demanded that Local 11 produce documents that are unrelated to UHH, Local 11, or any benefit plan to which members of Local 11 participate. If UHH seeks relevant, and potentially admissible evidence regarding other benefit plans, it should seek that information from those plans, not Local 11.

To the extent UHH seeks documents created in anticipation of litigation, Local 11 relies on its privilege analysis as set forth in Section F above.

### 2.    2. Proposed Resolution

The Court should deny the motion to compel as to requests 18, 19, and 21. Failing that, the Court should order UHH to identify specific instances where Local 11 departed from the minimum contribution rate and narrow these requests to those instances.

### P.    UHH's Requests Regarding the Santa Monica Fund (50, 52, 56–57, 61–63, 72) and Local 11's Responses Thereto

Document Request 50: All communications with any of your members concerning the Santa Monica Fund, including, but not limited to, discussions about benefits, alternatives, and recommendations.

*Local 11's Response:* Objection – the term "communications" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the request is vague, ambiguous, overbroad, and unduly burdensome in that it lists only one party, "your members," who purportedly communicated. Objection – the term "concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection – the request is unduly burdensome in that it fails to describe with reasonable particularity the category of documents to be produced. Objection – the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection – the request is unduly burdensome in that it is exceedingly overbroad. Objection – Unite Here 11 objects to the extent that production will violate the privacy and confidentiality concerns of the Plaintiffs and/or other third parties. Objection – the request is unduly burdensome in that compliance will require employees of Unite Here 11 to dedicate substantial time to search, review, and analyze responsive documents, if any, and will cause Unite Here 11 to incur significant expense. Objection – the request seeks documents that are not relevant to any party's claims or defenses, and/or are not proportional to the needs of the case. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection – the request was served to annoy and harass Unite Here 11.

Document Request 52: All documents concerning any Withdrawn Employer

that bargained into the Santa Monica Fund.

*Local 11's Response:* Objection – the phrase "documents concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the phrase "bargained into" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection – the request is unduly burdensome in that it fails to describe with reasonable particularity the category of documents to be inspected. Objection – the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection – the request is unduly burdensome in that it is exceedingly overbroad. Objection – the request is unduly burdensome in that compliance will require employees of Unite Here 11 to dedicate substantial time to search, review, and analyze responsive documents, if any, and will cause Unite Here 11 to incur significant expense. Unite Here 11 objects on the grounds and to the extent the request seeks confidential research, development, and/or commercial information. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection – the request was served to annoy and harass Unite Here 11.

Document Request 57: All communications with bargaining or negotiating committees concerning any employer that participates in UHH or the Santa Monica Fund.

*Local 11's Response:* Objection – the term "communications" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the request is vague, ambiguous, overbroad, and unduly burdensome in that it lists only one party, "bargaining or negotiating committees," who purportedly communicated. Objection – the term "concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection - the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection – the request is unduly burdensome in that it is exceedingly overbroad. Objection – the request is unduly burdensome in that compliance will require employees of Unite Here 11 to dedicate substantial time to search, review, and analyze responsive documents, if any, and will cause Unite Here 11 to incur significant expense. Unite Here 11 objects on the grounds and to the extent the request seeks confidential research, development, and/or commercial information. Objection – the request seeks documents that are not relevant to any party's claims or defenses, and/or are not proportional to the needs of the case. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection – the request was served to annoy and harass Unite Here 11.

Document Request 61: All documents concerning collective bargaining with any employer (excluding Participating Employers) that participates in or has participated in the Santa Monica Fund, including, but not limited to,

communications, minutes, or documents relating to health care costs, premiums, Employer Contribution Rates, or UHH.

*Local 11's Response:* Objection – the phrase "documents concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the phrase "communications, minutes, or documents " is vague, ambiguous, overbroad, and unduly burdensome. Objection – the request is vague, ambiguous, overbroad, and unduly burdensome in that the phrase "Employer Contribution Rate" is defined to "have the same meaning as in the Complaint," but that document, which is 57 pages without exhibits, does not explicitly define the phrase "Employer Contribution Rate." Objection – the phrase "relating to" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection – the request is unduly burdensome in that it fails to describe with reasonable particularity the category of documents to be inspected. Objection – the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection - the request is unduly burdensome in that it is exceedingly overbroad. Objection – the request is unduly burdensome in that compliance will require employees of Unite Here 11 to dedicate substantial time to search, review, and analyze responsive documents, if any, and will cause Unite Here 11 to incur significant expense. Unite Here 11 objects on the grounds and to the extent the request seeks confidential research, development, and/or commercial information. Objection – the request seeks documents that are not relevant to any party's claims or defenses, and/or are not proportional to the needs of the case. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to

JOINT STIPULATION RE UHH'S MOTION TO COMPEL

71

the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection – the request was served to annoy and harass Unite Here 11.

<u>Document Request 62:</u> All documents concerning collective bargaining with any employer (excluding Participating Employers and employers that participate in or have participated in the Santa Monica Fund), including, but not limited to, communications, minutes, or documents relating to health care costs, premiums, Employer Contribution Rates, UHH, or the Santa Monica Fund.

*Local 11's Response:* Objection – the phrase "documents concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the phrase "communications, minutes, or documents" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the request is vague, ambiguous, overbroad, and unduly burdensome in that the phrase "Employer Contribution Rates" is defined to "have the same meaning as in the Complaint," but that document, which is 57 pages without exhibits, does not explicitly define the phrase "Employer Contribution Rates." Objection – the phrase "relating to" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection – the request is unduly burdensome in that it fails to describe with reasonable particularity the category of documents to be inspected. Objection – the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection - the request is unduly burdensome in that it is exceedingly overbroad. Objection – the request is unduly burdensome in that compliance will require employees of Unite Here 11 to dedicate substantial time to search, review, and analyze

responsive documents, if any, and will cause Unite Here 11 to incur significant expense. Unite Here 11 objects on the grounds and to the extent the request seeks confidential research, development, and/or commercial information. Objection – the request seeks documents that are not relevant to any party's claims or defenses, and/or are not proportional to the needs of the case. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection – the request was served to annoy and harass Unite Here 11.

<u>Document Request 63:</u> All documents concerning the Santa Monica Fund not encompassed by other Requests.

*Local 11's Response:* Objection – the phrase "documents concerning" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the term "encompassed" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection – the request is unduly burdensome in that it fails to describe with reasonable particularity the category of documents to be inspected. Objection – the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection – the request is unduly burdensome in that it is exceedingly overbroad. Objection – Unite Here 11 objects to the extent that production will violate the privacy and confidentiality concerns of third parties. Objection – the request is unduly burdensome in that compliance will require employees of Unite Here 11 to dedicate substantial time to search, review, and

analyze responsive documents, if any, and will cause Unite Here 11 to incur significant expense. Unite Here 11 objects on the grounds and to the extent the request seeks confidential research, development, and/or commercial information. Objection – the request seeks documents that are not relevant to any party's claims or defenses, and/or are not proportional to the needs of the case. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection – the request was served to annoy and harass Unite Here 11.

Document Request 72: All communications between Local 11 and the Santa Monica Fund relating to collective bargaining with any employer.

*Local 11's Response:* Objection – the term "communications" is vague, ambiguous, overbroad, and unduly burdensome. Objection – the phrase "relating to collective bargaining with any employer" is overbroad and unduly burdensome. Objection – the time period incorporated from Instruction Paragraph A of the Subpoena renders the request unduly burdensome. Objection – the request is unduly burdensome in that it fails to tailor the documents sought to the immediate needs of the case. Objection – the request is unduly burdensome in that it is exceedingly overbroad. Objection – the request is unduly burdensome in that compliance will require employees of Unite Here 11 to dedicate substantial time to search, review, and analyze responsive documents, if any, and will cause Unite Here 11 to incur significant expense. Unite Here 11 objects on the grounds and to the extent the request

seeks confidential research, development, and/or commercial information. Objection - the request seeks documents that are not relevant to any party's claims or defenses, and/or are not proportional to the needs of the case. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the attorney–client privilege and/or common interest privilege. Unite Here 11 objects on the ground and to the extent the request calls for documents and/or information protected from disclosure by the work-product privilege and/or common interest privilege. Objection - the request was served to annoy and harass Unite Here 11.

**Q.     UHH's Points, Contentions, and Authorities for Requests 50, 52, 56, 57, 61–63, and 72**

UHH seeks an order compelling Local 11 to search for and produce documents responsive to Requests 50, 52, 56–57, 61–63, and 72. Local 11 has objected to producing *any* documents relating to these requests.

### 1.     Documents Regarding the Santa Monica Fund are Relevant to UHH'S Defenses

Documents regarding the Santa Monica Fund are relevant to this Action for several reasons. First, Local 11 moved many of its members (including four of the five named Plaintiffs) from UHH into the Santa Monica Fund, assertedly because of UHH's unreasonable administrative expenses. Documents referring or relating to comparisons of the Santa Monica Fund and UHH directly relate to the merits of Plaintiffs' claims that UHH's administrative costs are unreasonably high relative to the services provided. Plaintiffs' complaint compares UHH with other "multiemployer health plans," ostensibly to support its claim that UHH charged excessive administrative expenses. Stasiewicz Decl., Ex. A, pp. 38, 41, Am. Compl. ¶¶ 143, 151. The Santa Monica Fund is itself a Taft–Hartley multiemployer health plan, and Local 11's election to move to that fund makes these documents highly relevant to Plaintiffs' claims.

1    Second, documents relating to Local 11's decision to move its members into the Santa
2  Monica Fund are relevant to Plaintiffs' claims that UHH's allegedly excessive
3  administrative expenses harmed Plaintiffs. Local 11 has negotiated in favor of, and
4  proactively opted into, receiving UHH's benefits for more than a decade. Documents
5  evidencing the benefits and costs of transitioning from UHH to the Santa Monica Fund are
6  relevant to those claims.

7    Third, the relief Plaintiffs seek in this Action includes transferring money to "a health
8  plan that currently provides their benefits," which UHH understands to be the Santa Monica
9  Fund. *See* Stasiewicz Decl., Ex. A, Am. Compl., at 54. Four of the named Plaintiffs are
10 former UHH participants, while only one remains with UHH. Because the requested relief
11 would benefit former UHH participants at the expense of current UHH participants, these
12 documents are relevant to assessing commonality and the adequacy of the named Plaintiffs'
13 representation.

14          **2.  Local 11's Proportionality and Confidentiality Objections Are Without
15              Merit.**

16    Once again, Local 11 asserts a litany of improper generic boilerplate objections as to
17 proportionality. These proportionality objections are unsupported by fact and have no merit.
18 *See A. Farber*, 234 F.R.D. at 188; *supra* Part III.B.2. Local 11 also re-asserts its objections
19 as to confidentiality, despite not seeking a protective order or explaining why the
20 Confidentiality Order in the Action would not protect any confidential information. *See*
21 *Gonzales*, 234 F.R.D. at 685; *supra* Part III.E.5. Furthermore, Local 11 has not indicated
22 whether it is withholding documents based on any specific objection.

23    UHH raised this dispute in its December 18 letter and told Local 11 at the January 17
24 meet-and-confer that the relevant requests require a targeted search of union-wide
25 discussions regarding benefits—not an expansive or cumbersome search encompassing
26 individual communications regarding benefits. Local 11 indicated willingness to provide a

27
28              JOINT STIPULATION RE UHH'S MOTION TO COMPEL

written declaration to satisfy its discovery obligations, and UHH proposed the following declaration topics via email on January 22:

> (i) the number of participants in the fund; (ii) overall administrative fees; (iii) breakdown of administrative fees (including fees paid to the third-party administrator); (iv) overall cost of benefits; (v) breakdown of cost of benefits; (v) a detailed description of how contribution rates are decided (whether by the Santa Monica Fund or Local 11 or both); (vi) list of employers that Local 11 bargains into the Santa Monica Fund; (vii) contribution rates that those employers have agreed to pay the Santa Monica Fund; (viii) number of Local 11 members and their beneficiaries that have been eligible for benefits since Local 11 began bargaining into the Santa Monica Fund; (ix) number of Local 11 members and their beneficiaries that have been ineligible for benefits since Local 11 began bargaining into the Santa Monica Fund; (x) name of the third-party administrator; (xi) breakdown of services provided by the third-party administrator and services provided by the Santa Monica Fund; (xii) description of plan benefits offered to participants and their beneficiaries; (xiii) names of other local unions that bargain into the Santa Monica Fund and the geographic regions in which they operate; (xiii) any features of the administrative services and benefits uniquely offered to Local 11 that other local unions do not receive from the Santa Monica Fund; (xiv) description of the services that Local 11 (or the Unite Here Local 11 Benefits Administrative Office) provides the Santa Monica Fund; (xv) description of the "administrative service reimbursement" that the Santa Monica Fund pays Local 11 (or the Unite Here Local 11 Benefits Administrative Office); and (xvi) any role that Local 11's Co-Presidents play within the Santa Monica Fund (e.g., trustee, executive).

In response, Local 11 stated that it was "not willing to turn this into a response to a lengthy set of interrogatories." It did not make a counterproposal. UHH remains willing to accept a declaration covering the above topics in lieu of documents. Local 11 should therefore be compelled to either produce documents sufficient to show the information covered by Requests 50, 52, 56–57, 61–63, and 72 or to prepare a declaration covering the topics listed above.

### 3. Proposed Resolution

Local 11 should be compelled to search for and produce all non-privileged documents sufficient to show the information covered by Requests 50, 52, 56–57, 61–63, and 72 or to provide a declaration covering those topics, as set forth above. Local 11 should also be compelled to produce a declaration setting forth its search parameters and stating whether any documents are being withheld based on a given objection. *See, e.g.*, *Broidy*, No. 22-MC-79-AB (ASx), 2022 WL 2964828, at *1.

### R. Local 11's Contentions, Points, and Authorities for Requests 50, 52, 56–57, 61–63, and 72 (Santa Monica Fund)

UHH demands all documents related to the Santa Monica Fund. Request 63 specifically demands "all documents concerning the Santa Monica Fund not encompassed by other Requests." This is the epitome of a fishing expedition. The Santa Monica Fund is a separate health fun that provides benefits to members of Local 11. At the end of 2022, the Santa Monica Fund provided benefits to over 14,400 participants. At that same time, over 92 employers contributed to the Santa Monica Fund. [Decl. Moorhead: Ex. E, p. 121 (Form 5500).] UHH's demand for all documents concerning the Santa Monica Fund makes no attempt to measure relevance against burden, and should be denied.

### 1. UHH's Requests are Irrelevant, Overbroad, and Disproportionate.

UHH defends these requests relevance only insofar as they: (1) refer or relate to comparisons of the Santa Monica Fund and UHH that shed light on Local 11's claim that UHH's administrative expenses are unreasonably high; (2) illuminate the benefits or costs

1  of transitioning from UHH to Santa Monica Fund that Local 11 considered when moving

2  some of its members from UHH to Santa Monica Fund; and (3) illuminate commonality

3  and adequacy of named Plaintiffs' representation, given that some Plaintiffs are in UHH

4  and some are not and given that part of the relief requested in this Action is to transfer

5  money to Santa Monica Fund. But UHH's requests to Local 11 are vastly overbroad to those

6  purposes; UHH accordingly has not carried its burden to establish relevance.

7  Request 50 seeks "all communications with any of your members concerning the

8  Santa Monica Fund." As discussed in Section C above, the term "communication" is used

9  in its broadest sense. See [Decl. Stasiewicz: Ex. E, p. 82 (Subpoena) Definitions ¶F.] UHH

10  makes no effort to explain how all communications regarding the Santa Monica Fund, going

11  back to 2011, have any relevance to the Action. Since Local 11 has over 32,000 members,

12  and the Santa Monica Fund has over 14,400 participants, searching for, assembling, and

13  producing these communications would be a monumental task. [Decl. Stasiewicz: Ex. S, p.

14  563 (Decl. Petersen) ¶2; Decl. Moorhead: Ex. E, p. 121 (Form 5500).]

15  Together, Requests 52, 56, 57, 61, 62, and 72 essentially request any document

16  relating to any employer with whom Local 11 bargains, or relating to any collective

17  bargaining that Local 11 has engaged in. Request 62 is especially egregious, seeking "[a]ll

18  documents concerning collective bargaining with any employer" excluding those that

19  participate in UHH or the Santa Monica Fund. UHH cannot possibly be entitled to all

20  documents regarding collective bargaining, going back to 2011, for employers who had no

21  connection to either UHH or the Santa Monica Fund. Moreover, the requested documents

22  are way too broad even as to employers in those plans, because health benefits are just one

23  of the numerous subject matters that Local 11 bargains with employers. These requests

24  demand, for instance, that Local 11 turn over any document relating to bargaining with any

25  employer over subject such as: access to employer orientations; dues deductions;

26  housekeeper worker loads; recognition clauses; non-discrimination; grievance and

27  arbitration processes; and so on. Moreover, Local 11 has over 100 CBAs, which it typically

28

re-negotiates at intervals between 1-5 years. The volume of irrelevant documents that would be responsive to requests 52, 56, 57, 61, 72, and 72 is therefore astonishing. Request 63 – seeking "All documents concerning the Santa Monica Fund not encompassed by other Requests" is facially overbroad as to the purposes for which UHH claims it needs documents concerning the Santa Monica Fund.

UHH's pending motion to compel in Illinois District Court requests that Plaintiffs search for and produce all documents comparing any aspect of the Santa Monica Fund with UHH and all communications with the Santa Monica Fund. [Decl. Stasiewicz: Ex. J, p. 210 (Plaintiffs' Opposition to Motion) (noting UHH's RFP 15 to Plaintiffs is equivalent to request 58 from this subpoena and UHH's RFP 39 to Plaintiff's is identical to request 49 from this subpoena).] Plaintiffs have in that venue comprehensively rebutted UHH's arguments why documents regarding the Santa Monica Fund are relevant to this action. [*Id*. at 217-218 (explaining in depth that the foregoing two requests are irrelevant or disproportionate because the Santa Monica Fund's only relevance is that its participants are former members of UHH Plan Units 178 and 278 who are putative class members).] As Plaintiffs explain, UHH's argument that comparisons of the Santa Monica Fund and UHH shed light on Local 11's claim that UHH's administrative expenses are unreasonably high is insufficient to establish relevance because Plaintiffs have not claimed – much less offered any evidence – that Santa Monica Fund is a comparable plan. [*Id*. at 218.] And, as Plaintiffs further explain:

> "Defendants are free to create their own comparison analysis using public data equally available to them from the Department of Labor. The Santa Monica Fund, like all ERISA-regulated funds, is required to file annual, verified, public statements with the Department of Labor [the Form 5500]. Defendants have the same access to the Department of Labor website as Plaintiffs and can perform their own comparison of the expenses of the Santa Monica Fund.

*Id*. at 218.

The Northern District of Illinois is best suited to assess these arguments given its involvement with all other proceedings in this Action. If that court agrees with Plaintiffs, this Court should not be asked to determine whether a non-party must perform searches that were already determined to be insufficiently relevant to compel a search by a party. If that court disagrees, it will compel Plaintiffs to search for and produce the documents. It would then be duplicative and disproportionate for Local 11 to conduct an identical, simultaneous search – or to be forced to search for these documents before a party was. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (noting court can prohibit discovery that is "unreasonably cumulative or duplicative.").

Furthermore, UHH declines to mention that it has already received from Plaintiffs "documents concerning the benefit of having employers collectively bargain into the Santa Monica Fund (as opposed to UHH)." [Decl. Stasiewicz: Ex. J, pp. 214-216 (Plaintiffs' Opposition to Motion), as well as other documents concerning the Santa Monica Fund, including documents that overlap at minimum with UHH's request 50 to Local 11.[6] UHH has failed to offer any explanation of what was included in those documents and why they do not satisfy Local 11's claimed need for its requests to Local 11 regarding the Santa Monica Fund. The requests that UHH seeks to compel Local 11 to produce are unreasonably cumulative or duplicative for these reasons.

---

[6] For example, Plaintiff Armando Garcia's Supplemental Response to UHH's RFPs indicate that he has provided all responsive documents in his possession created on or after March 21, 2016 in response to RFPs demanding "All communications between Local 11 and any of its members concerning the Santa Monica Fund, including, but not limited to, discussion about benefits, alternatives, and Local 11's recommendations" and "All communications with any Participating Employer concerning UHH, the Santa Monica Fund, this Action, or Employer Contribution Rates." [Decl. Moorhead: Ex. H, responses to RFPs 52 and 8).]

JOINT STIPULATION RE UHH'S MOTION TO COMPEL

### 2. Proposed Resolution

The Court should defer consideration of UHH's arguments until the Northern District of Illinois has resolved UHH's Motion to Compel discovery from Plaintiffs and UHH and Local 11 have met and conferred concerning what is relevant and proportionate for UHH to request from Local 11 in light of that resolution, and in light of whatever further documents that resolution causes Plaintiffs to provide UHH. If the Court does not defer, it should at most require Local 11 to provide a declaration with the information specified in UHH's counsel's January 22 email to counsel for Local 11. [Decl. Stasiewicz: Ex. G.]

Dated: April 29, 2024                          MASSEY & GAIL LLP

                                               /s/Peter Stasiewicz
                                               *Attorneys for Board of Trustees*
                                               *of Unite Here Health*
                                               Leonard A. Gail
                                               Matthew Collette
                                               Kylie Chiseul Kim
                                               Alethea Anne Swift
                                               S. Jonathan Silverman
                                               Peter Stasiewicz

Dated: April 29, 2024                          BUSH GOTTLIEB
                                               /s/ J. Paul Moorhead
                                               *Attorneys for UNITE HERE*
                                               *Local 11*
                                               Peter S. Dickinson
                                               J. Paul Moorhead
                                               Luke Taylor